This petition was filed under the provisions of the Revised Code, ch. 101, sec. 37, which gives to any person, settled upon or cultivating any land, to which there is no public road leading, a right to a cartway over the land of others, whenever it shall appear "necessary, reasonable, and just" that he shall have such way to any public road, ferry, bridge, or public landing. The defendant put in an answer denying the right of the petitioner to have a cartway laid out across his land; and, among other objections, he insisted upon the hearing in the Superior Court that the desired road was not "necessary, reasonable, and just," and offered to show that there were two private ways — though not cartways — from the lands of the petitioner to the public road to which he wished to go, over the lands of other persons; and also that the plaintiff had, by a parol license, an unobstructed passage through the lands of one Burgwyn to the aforesaid public road. The presiding judge held that these facts would not bar the right of the petitioner to have a cartway, and declined to hear the evidence. In this we think his (266) Honor erred, in consequence of which the order in favor of the petitioner must be reversed, and the case sent back to be heard again.
The enactment in the Revised Code, to which we have referred, is substantially the same with that contained in the Revised Statutes, ch. 104, sec. 33. The case of Lea v. Johnson, 31 N.C. 15, decided under the *Page 165 
last mentioned act, shows that it is to be construed strictly; for the establishment of a cartway over the land of any person without his consent is to deprive him of his full and free enjoyment of his land for the benefit of another. The latter, then, must show that he comes completely within the requirements of the act before he can claim its benefits. He must be a person settled upon or cultivating land to which there is no public road leading, and that it is "necessary, reasonable, and just" that he shall have a cartway over his neighbor's lands in order to give him access to some public place. Now, if he already have such access by means of a private way, equally convenient, over the lands of other neighbors, why should be be allowed to burden the land of still another person by having a cartway laid out over it? We think it clear that he should not, for in such a case an additional way to the prejudice of that other person will not be "necessary, reasonable, and just." There is nothing in the argument that one cannot be barred of his right to a cartway by reason of his having a private right of way. He may be barred by that as well as anything else that shows that it is not "necessary, reasonable, and just" that he should have a cartway. The evidence proposed to be given to the presiding judge may not have established the fact for which it was offered; but as, on the other hand, it may have had that effect, the judge ought to have received and considered it, and it was error in law for him to refuse to do so.
There were other objections urged at the hearing in the court (267) below, against the petitioner's claim, which it is unnecessary for us to notice very particularly. One was that the petitioner had formerly instituted suit for the same purpose against the immediate ancestor of the defendant, had obtained an order for a cartway through his land, and then abandoned the proceedings. The record of that case shows that the proceedings were against other persons besides the defendant's ancestors, and that the cartway, as laid out, was to run through their lands as well as his; so that, even supposing that if the suit had been against the ancestor alone, it would have been a bar in the present case (which we are not prepared to admit), it cannot have the effect claimed for it by the defendants, because it is not for the same cause of action.
We are inclined to think that the evidence offered failed to show that there was, at the time when the petition was filed, any public road running through the lands of the petitioner, and that the presiding judge was right in so deciding. The evidence in favor of such a road was rather slight, and was rebutted, we think, by the testimony offered to show that it had not been used as such for more than twenty years.
The remaining objection was that the land of the petitioner once formed a part of a large tract, part of which abutted on the public road to which he now seeks access, and that though it is now cut off from such *Page 166 
public road by a partition among the tenants in common of the large tract, yet the owner has by operation of law a right of way to the public road through the lands of the other former tenants. It is unnecessary to decide the question raised by this objection, because it involves the same principle as that as to which we shall be compelled to send the case back to be heard again in the Superior Court. If the defendant shall succeed in proving that the petitioner had already such rights of way to the public road as would show that it is not "necessary, reasonable, and just" that he shall have a cartway over the land of the (268) defendant, the object of his petition must fail, whether he obtained his right or rights of way by grant, prescription, or the mere operation of law.
PER CURIAM. Error.
Cited: Plimmons v. Frisby, ante, 201; Warlick v. Lowman, 103 N.C. 124;Burwell v. Sneed, 104 N.C. 121; Cook v. Vickers, 144 N.C. 314.