D. S. CAGLE v. W. N. PARKER.

*Easement—License—Issue—Judge's Charge.*

1. An easement can only be created by a conveyance under seal, or by long user, from which such conveyance is presumed.

2. Owners of land grant a license to other persons "to build a mill and back water on us, so they don't back on our bottoms;" *Held,* 1. That the license is exceeded when the dam is raised to such height that the water is ponded back so as to sob the "bottom" and render its drainage impossible, and make it unfit for cultivation, although it is not actually overflowed.  2. That it is *erroneous* for the Court to instruct the jury "that damages would be recoverable only when the grant contained in the license was exceeded by ponding water on the 'bottoms.'"

3. That the plaintiff is entitled to have an issue submitted to the jury as to the amount of annual damages caused by raising the dam above its original height.

This was a CIVIL ACTION, tried before *Boykin, Judge*, at the Fall Term, 1886, of STANLY Superior Court.

There was a verdict and judgment for the defendants, from which the plaintiff appealed.

The facts are sufficiently stated in the opinion of the Court.

*Mr. J. A. Lockhart*, for the plaintiff.
*Messrs. Batchelor & Devereux* and *M. S. Robbins*, for the defendants.

DAVIS, J. This was a civil action tried before Boykin, Judge, at Fall Term, 1886, of Stanly Superior Court.

The plaintiff alleges that he is the owner of valuable land on Rocky river, in Stanly county; that the defendants own a mill about half a mile below this land, with a dam across the river; that for two years previous to the bringing of this action the said dam has caused the water to pond back on the plaintiff's land, rendering it sobby and unfit for cultivation, and rendering valueless two springs on his land that were valuable to it, and causing other damage to his land.

The defendants answer and say that as to the allegation that the plaintiff owns the land mentioned in his complaint, they have not sufficient knowledge or information to form a belief; that they are the owners of a mill on Rocky river, but whether it is a half a mile below plaintiff's land they do not know, nor do they know that the plaintiff has any land on Rocky river. The other allegations of the complaint they deny. This action was commenced at Spring Term, 1880, and at Spring Term, 1885, by leave of the Court, the defendants amended their answer, setting forth therein the following license, to-wit:

"October 6th day, 1860. Know all men by these presents, that we, the undersigned, Temperance Austin and C. S. Austin, do give to Sidney Parker and W. N. Parker full

privilege to build a mill and back water on us, so that they don't back on our bottoms, for we are the owners of the land above: if they put the dam down near the mouth of the race, where they say they will put it, for we claim no damages on them.

[Signed,]      TEMPERANCE AUSTIN.

[Signed,]      C. S. AUSTIN.

Signed, sealed in the presence of

W. N. PARKER."

"The plaintiff contended that the instrument pleaded as a license, does not, in law, convey an easement, and that as a contract there is no consideration to support it; that the same is not binding on the plaintiff, and does not operate against him, and he also denied the execution of the writing by Temperance and C. S. Austin. These contentions were overruled and the plaintiff excepted." It is conceded that the plaintiff derived title through the Austins, by deeds dated respectively January 18th, 1874 and Febuary 2d, 1875, and took possession about the date of the execution of the deeds.

It was conceded that there was a dam in existence at the mill for some years prior to the plaintiff's purchase, and of which he had knowledge, "and there was evidence tending to show that after he became the owner of the land, the defendants repaired the dam and erected it to a greater height than it formerly was."

The plaintiff insisted that he was entitled to recover damages by reason of this increased height of the dam, and asked the Court to submit the following issue:

What is the amount of annual damages sustained by plaintiff by reason of the erection and raising of the new dam higher than the one erected and in existence at the time of the plaintiff's entering into possession of the land claimed by him?"

18*

The Court declined to submit this issue, and stated that it was covered by the second issue submitted. The following issues were submitted by the Court:

1. Did Temperance and C. S. Austin both execute the license dated October 6th, 1860?

2. If so, have the defendants exceeded their license by ponding water on the bottom lands of plaintiff?

3. What is the amount of annual damage to the plaintiff by reason of the erection of defendants' dam?

The plaintiff excepted to the 1st and 2d issues.

The record does not set out the evidence in regard to the execution of the instrument relied on as a license, and we must assume that its execution was duly proved. It is clear that it does not convey an easement, for an easement can only be created by a conveyance under seal, or by long user, from which such a conveyance is presumed to have been made. Whether the instrument executed by Temperance and C. S. Austin operated as an irrevocable license, and, if so, whether the rights of the defendants under it are limited to the extent of its use by them under the dam as originally erected and kept up prior to the act complained of by the plaintiff in raising it higher, are questions which we need not consider, as the plaintiff is entitled to a new trial on account of the refusal of his Honor to submit the issue requested, and for improper instructions to the jury on the second issue, as submitted. "The Court instructed the jury that under the license, the defendants were authorized to erect the dam to any height, provided it did not, when so erected, in any manner *overflow* the "bottoms" mentioned therein, and that the increased height to which the dam was built by the defendants, after the plaintiff purchased the land, did not, of itself, entitle the plaintiff to a verdict assessing damages, and that damages would be recoverable, only when the grant contained in the license was exceeded by ponding water on the "bottoms," upon the aspect of the

case presented to the Court, and whether such "bottoms" had been overflowed, was a question for the jury."

Even conceding, (and upon that point we express no opinion), that the instrument relied on is an irrevocable license, it does not permit the defendants " to back water on the bottoms " of the plaintiff. The complaint is, that by the increased height of the dam, made seventeen years after the alleged license, the water is ponded " back on the plaintiff's land, rendering it sobby and unfit for cultivation " and destroying valuable springs. A fair and reasonable construction of the instrument, if capable of a sensible construction, would not permit the dam to be erected to such a height as to destroy by sobbing, the bottoms of the plaintiff. The language is, " privilege to build a mill and back water on us so they don't back on our bottoms." Is it not clear that it was the purpose of the parties to limit the privilege, so that the bottoms should not be damaged or destroyed in value? It appears that the privilege was so used, from the time the dam was originally erected down to a short period before the bringing of this action in 1880, as not to cause any complaint of injury to the bottoms. If, by the increased height of the dam, injury resulted to the plaintiff's land, by sobbing and destroying its value, though not actually overflowed, he was entitled to damages. It was not necessary that the land should be actually overflowed and covered by the water. If so ponded back as to sob the soil and render its drainage impossible, the plaintiff has a right to damages for the injury sustained, and he was entitled to the issue which was refused, without *deciding* that the instrument set out in the answer was in any way binding upon the plaintiff. We are of opinion that the Court erred in refusing to submit the issue requested by the plaintiff, and also in the instructions given to the jury as to the extent of the defendants' rights under the alleged license.

The plaintiff is entitled to a new trial. Let this be certified.

Error.                                        *Venire de novo.*