GEORGE W. PRITCHETT v. GREENSBORO SUPPLY
COMPANY.

(Filed 2 November, 1910.)

**Appeal and Error—Compulsory Reference—Exceptions—Procedure.**
     When there is a plea in bar, a party to the action may except
     to an order of reference made by the trial judge and appeal at
     once, or wait until there is a final judgment and then appeal.

APPEAL by defendant from *Lyon, J.*, at the August Term, 1910, of GUILFORD.

The facts are sufficiently stated in the opinion.

*W. P. Bynum* and *Taylor & Scales* for plaintiff.
*F. P. Hobgood, Jr.*, for defendant.

WALKER, J. This action was brought to recover the sum of $1,319.04, alleged to be due to the plaintiff as traveling salesman of the defendant for salary, commissions and expenses. The defendant denied that it is indebted to the plaintiff except in a certain amount which it tendered, but which was less than the amount actually due according to its own contention, and much less than the amount found to be due by the jury upon the evidence and under the instructions of the court. There was a controversy as to the commissions alleged to be due for the year 1908, but no issue was raised as to the salary and expenses for September, 1908, or the commissions for the year 1907. The only matter at issue between the parties related to the commissions of the plaintiff for the year 1908, and as to these the defendant alleged that there was a new contract, which was a substitute for the old one, and by which it was released from liability for commissions on sales made by the plaintiff during that year in consideration of the promise of the defendant to pay him the sum of $200 per month and traveling expenses for the last half of the year. The plaintiff contended that the new contract was never consummated, but was only tentatively proposed, while the defendant alleged that it was a completed contract. The cause was referred by order of the court. Both parties excepted, but neither party appealed. The referee found for the defendant upon the material question in the case. The plaintiff excepted to the report and tendered the issue raised by the pleadings and then demanded a jury trial. The issue was submitted and found for the plaintiff and judgment rendered for him in the sum of twelve hundred and 42-100 dollars, with interest and costs. The defendant excepted and appealed and assigned as error that the court submitted the issue as to the contract of 1908 to the jury, at the request of the plaintiff.

The defendant's contention is that, while the plaintiff excepted to the order of reference, he did not appeal therefrom, and therefore was not entitled to a jury trial. But this view of the law we think was erroneous, and we have so decided. A party may object to a reference, if there is a plea in bar, and appeal at once, if he is so minded, or he may rely upon his

objection by reserving his exception, and appeal from the final judgment. This is a convenient practice or procedure, because if the case goes on and the party who has excepted succeeds finally, by the decision of the referee or the verdict of the jury, his exception to the reference becomes immaterial, and the result shows that no appeal was really necessary to protect his right. He could appeal when the order of reference was made, but was not bound to do so at that time. The practice in this respect has been settled. *Kerr v. Hicks,* 131 N. C., 92; *Jones v. Wooten,* 137 N. C., 421; *Austin v. Stewart,* 126 N. C., 525. Why should the plaintiff have objected to the order of reference unless he intended to reserve his right to a trial by jury of the issue raised by the defendant's plea in bar and to prevent an inference that he had assented to the order, which might make the reference, at least as to him, one by consent? *Ogden v. Land Co.,* 146 N. C., 444. Our conclusion is that if there is a reference of the case by order of the court against the objection of either party, because there is a plea in bar, he may except and appeal at once, or wait until there is a final judgment and then appeal.

No error.