WINSTON BRICK MANUFACTURING COMPANY v.
GEORGE D. HODGIN AND EFFIE HODGIN.

(Filed 2 December, 1925.)

1. **Statute of Frauds—Deeds and Conveyances—Right of Ways—Easements—Incorporeal Hereditaments.**

 The granting of a right of way by the owner upon his land is of an easement thereon, an incorporeal hereditament, and is required by the Statute of Frauds to be in writing. C. S., 988.

2. **Same—Prescription—Ways of Necessity.**

 A way of necessity arises from a grant proved or presumed from prescription usually from mere necessity in using the land conveyed or retained by the grantor, in most cases construed to come within the terms of the grant.

3. **Same—Parol Evidence.**

 Where the owner conveys a part of his land without outlet except one designated to a certain public highway, the way so designed will control the vendee's selection, and parol evidence tending to show a different one is incompetent.

APPEAL by defendant from FORSYTH Superior Court. *Lyon, J.*

Action by plaintiff against defendants to recover damages. Judgment for plaintiff. Appeal by defendant. New trial.

The plaintiff alleged that on 2 February, 1923, it contracted, with defendants for the purchase of a tract of land containing 6 acres, which was on said date conveyed to plaintiff by deed in Book 215, p. 27, of Forsyth County, with the following description: "Beginning at an iron stake, Joshua Sills' corner, and runs thence N. 88 degrees 00 W., about 382.7 feet to a stake in the east side of a new 30-foot road; thence with said road S. 0 degrees 45 W. about 578.0 feet to a stake; thence S. 88 degrees 00 E., about 505.7 feet to a stake in Joshua Sills' line; thence N. 5 degrees 30 minutes E., about 90.0 feet to a stone; thence N. 2 degrees 00 E., 222.0 feet to a stone; thence N. 2 degrees 00 E., 266.4 feet to an iron stake, the place of the beginning, and containing 6.0 acres more or less. This property will have a road platted to Walkertown or paved highway."

The plaintiff also alleged that the defendants designated and stipulated a road "a way of necessity" over their own land to the public highway, the same to be used for the benefit of the plaintiff and described as indicated in the deed.

It was also alleged that plaintiffs spent some money in repairs on the road, and that on 15 August, 1923, the defendants closed the road to the injury of plaintiffs, and though demanded, the defendants had not reopened this road, and that plaintiff's brick business was broken up and loss and damage resulted therefrom.

The defendants admitted that they sold the six-acre tract of land to plaintiff, with quoted sentence in deed, and that they had designated and stipulated a road over their own land to the public highway to be used for the benefit of the plaintiff, and described as set out in the deed, and that they provided a roadway and that there still is a roadway to plaintiff's property, and denied all other material allegations.

The jury rendered the following verdict:

"1. What damages, if any, is the plaintiff entitled to recover against the defendant, George D. Hodgin, for obstructing road to the plaintiff's brick plant? Answer: $900.00.

"2. What damages, if any, is the plaintiff entitled to recover against the defendant, Effie Hodgin, for obstructing road to the plaintiff's brick plant? Answer: Nothing."

*No counsel for plaintiff.*
*J. H. Whicker for defendants.*

VARSER, J. The pleadings disclose an admitted contract between the defendants and the plaintiff in "that the defendants designated and

stipulated a road, a 'way of necessity' over .their own land, to the public highway, the same to be used for the benefit of the plaintiff and described as follows: 'This property will have road platted to Walkertown or paved highway' " and defendants allege that "they provided a roadway and there is still a road to plaintiff's property." Plaintiff's allegation that the defendant closed this "way of necessity" in August, 1923, is denied, and the allegations of damages flowing to the plaintiff are also denied. The issues submitted are not objected to and the verdict has eliminated the *feme* defendant.

The appellant assigns error for that the trial court admitted evidence tending to locate a 30-foot road called for in the deed, beginning "at an iron stake, Joshua Sills' corner"; and stating how this road was closed up and the statement that the plaintiff had no other way out, together with the condition of plaintiff's brick machine at the time the road was closed, and 4 months later, tending to show that 4 months after the closing of the road, the machinery was in bad condition, rusty because it could not be used for lack of a way to approach the mill-site, and that the plaintiff had orders for brick when the road was closed, and in approximating the loss of plaintiff's machinery and tools; in stating that defendant Hodgin told plaintiff he was planning to have the railroad make another crossing and have another road by a man's house on the railroad side, and in declining to allow the defendant to introduce the plat.

The phase of these exceptions necessary to be considered now is the contention that the admission of this evidence tended to prove a contract different from that admitted in the pleadings and described "as a road platted to Walkertown or paved highway." The evidence thus admitted tends to limit the location of the road in controversy to the 30-foot road mentioned in the description when the deed refers "to a stake in the east side of a new 30-foot road"; whereas the road declared upon and admitted, is the road which the "property will have platted to Walkertown or paved highway." The description in calling for the new 30-foot road was using the language for the purpose of description, and the parties have admitted that the road which the parties contracted for is that road referred to as going "to Walkerton or paved highway." The Walkertown highway and "the paved highway" are the same.

A grant of a road is the grant of an easement, an incorporeal hereditament. Minor's Institutes, 2 vol., 18; 2 Blackstone, 35; Cooley's Blackstone, 458; Tiffany on Real Property (2 ed.), 1198-1304, Pars. 348-363; Mordecai's Law Lectures, 466.

An easement is an interest in land, and is, therefore, within the statute of frauds (C. S., 988), and a contract creating the same must be in writing. *Davis v. Robinson*, 189 N. C., 589; *Hall v. Misenheimer*, 137

N. C., 186; *Drake v. Howell,* 133 N. C., 165; *Presnell v. Garrison,* 121 N. C., 366; *Buckner v. Anderson,* 111 N. C., 577; *Herndon v. R. R.,* 161 N. C., 650; *Kivett v. McKeithan,* 90 N. C., 106; *McCracken v. Mc-Cracken,* 88 N. C., 272; *Reise v. Enos* (Wis.), 8 L. R. A., 617; *North Beach & M. R. Co.'s App.,* 32 Cal., 506; *Foster v. Browning,* 4 R. I., 51; *Rice v. Roberts,* 24 Wis., 465; *Cayuga R. R. Co. v. Niles,* 13 Hun., 173; *Day v. N. Y. Central R. R. Co.,* 31 Barb., 548. Such easements are within the statute of frauds and cannot be proved by parol. *Davis v. Robinson, supra; Ham v. Massasoit Real Est. Co.,* (R. I.), 107 Atl., 205; *Wagner v. Hanna,* 38 Cal., 111, 99 Am. Dec., 354.

However, a "way of necessity" arises from the grant which is proved or presumed from prescription (*Cagle v. Parker,* 97 N. C., 271), usually from mere necessity in using the property conveyed or retained. Therefore, it arises in most cases, by implication, but such implication puts into the terms employed in the grant this way of necessity. *Norfleet v. Cromwell,* 64 N. C., 12.

However, the parties stipulated for a "way of necessity" to the Walkertown highway, their rights thus established are the same as when "a way of necessity" to the designated highway had been established *in invitum*. It is the right of plaintiff to pass over defendant's lands, owned by him 2 February, 1923 (the date of the deed), to the Walkertown highway. The vendor selects the way and if he fails to select, the vendee may select. This way is one of necessity, and therefore, not one of convenience. Mordecai's Law Lectures, 466; *Corea v. Higurea,* 17 L. R. A. (N. S.), 1018, with an elaborate note of authorities and principles; Minor's Institutes, *supra;* Tiffany on Real Property, *supra;* Blackstone, *supra.*

A learned decision of ways of necessity appears in. *Lumber Co. v. Cedar Works,* 158 N. C., 161. The principles of the foregoing apply to the case at bar with the modification arising from the admission of the creation of the way of necessity in the deed sued on.

Therefore, it was error to admit evidence tending to locate the road in controversy, except as contemplated in the terms, "a road platted to the Walkertown or paved highway." Of necessity such a road may be located, according to the evidence, in more than one place, and the contract for such a road would be satisfied when the necessity, and not the convenience, is met.

The evidence challenged by the exceptions does not conform to the principles applicable, hence there was error.

The other questions may not present themselves in another trial, hence they are not discussed.

The judgment entered is reversed to the end that there shall be, in accordance with the principles herein announced, a

New trial.