ETURA WHITE v. JOSIE COGHILL and S. F. COGHILL, Her Husband, et al.

(Filed 7 October, 1931.)

Easements A c—Petition in Superior Court for way of necessity held properly dismissed, petitioner's exclusive remedy being under C. S., 3836.

Where a petition for a "way of necessity" over the lands of another is filed in the Superior Court, and the petition alleges that the petitioner was devised a tract of land without any way of egress to a public road except over the land of another devisee of the testator, and there is no

allegation that such a way over the land of the other devisee had thereto-
fore existed in favor of the land devised to the petitioner, and there
is no stipulation in the devise for a way of ingress and egress to a given
point, *Held:* the petitioner's exclusive remedy is under the provisions
of C. S., 3835, 3836, by way of petition before the road-governing body
of the county, and the proceedings in the Superior Court is properly
nonsuited.

CIVIL ACTION, before *Cranmer, J.,* at March Term, 1931, of VANCE.

The plaintiff filed a petition before the clerk of the Superior Court,
alleging that her father, J. F. Coghill, died leaving a last will and testa-
ment, and devising to her fifty acres of land, "the same to be cut off
from the lands of said J. F. Coghill, deceased, so that the same shall
adjoin the lands of her husband, by running a line westerly with S. F.
Coghill's line and on to Mill Creek a sufficient distance to give said
Etura White fifty acres." The testator also devised a certain tract of
land to Josie Coghill and the children of herself and her husband, S. F.
Coghill. The petitioner further alleged that "the land so given peti-
tioner is wholly without any way of egress or roadway except as may
result from the devise of said lands to petitioner and defendants by the
will of J. F. Coghill from the lands held by him at the time of his
death, and the same can only be established through the lands of Josie
Coghill and children, the defendants, to which petitioner is entitled as
a way by necessity, both devises being made by the same devisor as
part of same tract and no other way existing or being provided or fixed
by the will of J. F. Coghill and has not been established by any agree-
ment or legal proceeding between said parties." Thereupon, the peti-
tioner prayed that the line between the two tracts be established and
that a right of way to the public road be set off and allotted.

The defendants filed an answer alleging that there was a right of
way or roadway leading to the public road, which had been in existence
and in constant use for approximately forty-five years.

When the case was called for trial it was admitted in open court
that the question of boundary between the two tracts of land so devised
had been settled, and that the only question to be determined by the
court was the question of a right of way or roadway through the lands
of defendants. It was further admitted that no application for a road-
way had ever been made to the road-governing body of the county.
Upon such admissions the trial judge ordered a nonsuit upon the ground
that the proper remedy for plaintiff was to file a petition for a roadway
with the road-governing body of the county in compliance with the
statute in such cases made and provided.

From the judgment so rendered the plaintiff appealed.

*Irvin B. Watkins and Pittman, Bridgers & Hicks for plaintiff.*
*Kittrell & Kittrell for defendants.*

BROGDEN, J. The plaintiff contends that she is entitled to a way of necessity over the lands of defendants, to be set apart and located by the court. The law of "way of necessity" is discussed in many cases in this State, notably, *Cagle v. Parker,* 97 N. C., 271, 2 S. E., 76; *Lumber Co. v. Cedar Works,* 158 N. C., 162, 73 S. E., 902; *Carmon v. Dick,* 170 N. C., 305, 87 S. E., 224; *Brick Co. v. Hodgin,* 190 N. C., 582, 130 S. E., 330; *Weaver v. Pitts,* 191 N. C., 747, 133 S. E., 2; *Grant v. Power Co.,* 196 N. C., 617, 146 S. E., 531. See, also, *Brasington v. Williams,* 141 S. E., 375. The general rules of law are summarized by Mordecai's Law Lectures, Vol. 1, page 466, as follows: "A way of necessity exists where a man sells land entirely surrounded by his own land, and there is no outlet from the lands thus sold to the public highway. A right thus created is a right to pass over the vendor's land so as to reach the public road. It is the duty and right of the vendor to select the route; but, if he fail to point it out, the vendee may select; and after selecting it he must stick to it. . . . It is sometimes stated that, in order to create a way of necessity, the land sold must be entirely surrounded by the lands of the grantor; but this does not seem to be correct, for if the land be surrounded by the lands of the grantor and others, an outlet to the public road over the lands of the grantor is conferred upon the grantee by implication. . . . In this State we have a peculiar way of necessity. It is a way, known as a cartway, given by statute to one whose lands are cut off from access to the public highway, and which is obtained by condemnation proceedings."

The decisions upon the subject in this State are to the effect that if the parties stipulate in a deed for a way of ingress and egress to a given point, the vendor has the right to select such reasonable way in the first instance, and if he fails to do so, the vendee may select. It is also fully settled that if at the time of the conveyance or transfer of title, there are easements of permanent character that have been created or exist in favor of the land sold and which are reasonably necessary for its use and convenient enjoyment, that all such easements pass as appurtenances to the land in the absence of express provision to the contrary.

However, the case at bar does not fall within the foregoing principles. There is no allegation in the petition that any roadway or easement existed or was used for the benefit of the land owned by the plaintiff, nor is there any provision in the devise creating such an easement.

Hence, the situation is that, according to the allegations of the plaintiff, she owns lands not accessible to a highway except by crossing the lands of defendants. These facts invoke the application of C. S., 3835 and 3836 as the exclusive remedy to which plaintiff is entitled. Therefore, the ruling of the trial judge was correct.

Affirmed.