TROY MONROE ANDREWS, NITA ANDREWS AND JEAN CHANDLER ANDREWS, PLAINTIFFS v. MARY J. LOVEJOY AND HUSBAND, A. R. LOVEJOY, DEFENDANTS AND JOSIE CATE (WIDOW), ROBERT J. AYERS AND WIFE, LUCILLE O. AYERS, ADDITIONAL DEFENDANTS.

(Filed 10 January, 1958.)

1. **Easements § 1—**

Where the owner of a tract of land abutting a highway sells a portion thereof away from the highway by deed expressly granting the right of ingress and egress to the highway, the deed creates an easement appurtenant over the land retained, the deed being under seal and duly recorded.

2. **Easements § 5—**

Where the grantor of land conveys an easement over land retained by him, he, as owner of the servient estate, has the right to locate the easement, and he exercises his right to locate the easement when he thereafter conveys the servient estate by deed setting forth the location of the road.

3. **Same: Highways § 15—**

Where the grantee of lands is also conveyed an easement appurtenant across adjacent lands, his suit to establish his right of easement is not a suit to establish a cartway or an easement by necessity, and it is error for the judgment declaring his right to the easement to remand the cause for the assessment of damages, since he cannot ·be compelled to pay for the easement a second time.

4. **Reference § 9—**

A party to a compulsory reference cannot be entitled to trial by jury upon appeal as to facts admitted in the pleadings or as to facts irrelevant to the cause, since such facts are not issuable facts in the case.

5. **Easements § 1—**

In an action for a declaratory judgment establishing an easement appurtenant granted by deed, as distinguished from an action to establish an easement by necessity, the existence or nonexistence of an easement across adjacent lands owned by another is irrelevant.

6. **Appeal and Error § 21—**

An exception to the judgment cannot be sustained when no error appears on the face of the record.

APPEAL by plaintiffs and defendants from *Williams, J.,* September-October 1957 Term of ORANGE.

Plaintiffs seek a declaratory judgment determining their right to cross defendants' land to reach the Chapel Hill-Hillsboro Highway. They predicate their right on the deeds under which they and defendants claim title.

Defendants denied plaintiffs' right to cross their land and asserted that plaintiffs have access to the highway over a road

on the lands of Mrs. Josie Cate which road has been in existence for more than fifty years. Mrs. Cate was, on motion of defendants, made an additional party defendant. She answered, admitting the existence of a road on her land but denied that plaintiffs could use it as of right.

A reference was ordered. Plaintiffs and defendants excepted and demanded a jury trial. The referee made findings of facts and conclusions of law. He concluded: "That by construction of the deeds the plaintiffs are entitled to a right-of-way for the purpose of providing ingress and egress from their property to the Chapel Hill-Hillsboro Highway along the northern boundary of the land of the original defendants, Lovejoy; and that they are entitled to a right-of-way of reasonable and convenient width; that the undersigned referee finds as a fact and concludes that fourteen feet is a reasonable and convenient width for a right-of-way."

Defendants filed exceptions to the referee's findings and conclusions and demanded a jury trial on issues which they tendered. The court declined to submit the issues tendered, overruled the exceptions, approved and adopted the referee's findings of fact and conclusions of law and then remanded the cause to the Clerk of the Superior Court of Orange County "to appoint Commissioners, as provided by law, to lay out a cartway providing plaintiffs ingress and egress to their property, and to assess damages, as provided by law." Plaintiffs and defendants excepted to the judgment and appealed.

*William S. Stewart for plaintiffs.*

*Bonner D. Sawyer for defendants Mary J. Lovejoy and husband, A. R. Lovejoy.*

RODMAN, J. Plaintiffs' appeal presents for determination the correctness of the judgment directing the assessment of damages. Plaintiffs disavow any intent to obtain a cartway under the provisions of Art. 4, c. 136, of the General Statutes. They seek merely an adjudication of presently existing property rights.

Plaintiffs allege and defendants admit that their titles trace to a common source. The land presently owned by plaintiffs and defendants was, prior to 15 September 1927, owned by T. L. Cate as a single tract. His land was bounded on the east by the Chapel Hill-Hillsboro Highway and on the north by the land of Josie Cate. In September 1927 he sold to Gary Hogan and others, by deed duly recorded in May 1928, twenty acres from the western part of his land. Following the specific description of the twenty acres then conveyed is this language: "And

granting further to the parties of the second part, their heirs and assigns, the right of ingress and egress over a road from the East edge of the property herein conveyed to the Chapel Hill-Hillsboro Highway." Plaintiffs are now the owners of that twenty acres including such rights as the quoted paragraph conveys.

In April 1942 Cate contracted to convey the land between the highway and plaintiffs' property to W. E. Barker. Before the conveyance was consummated Cate died; his administrator and widow, complying with the contract, conveyed the property to W. E. Barker and wife. This deed, after specifically describing the land conveyed, contains this provision: "Reserving, however, along the northern boundary of the property herein conveyed a right of way for the purpose of providing an outlet for the 20-acre tract of land heretofore conveyed by Thomas L. Cate and wife to Gary Hogan, et al, by deed dated September 15, 1927, recorded in office of the Register of Deeds of Orange County in Book 90, at page 192, and granting to the parties of the second part the right to use the said road or right of way jointly with the owners of the said twenty acre tract." Defendants acquired from Barker, subject to the reservation quoted above.

The evidence shows that many years ago there was a road along the southern line of the Josie Cate land, extending from the Chapel Hill-Hillsboro Highway westwardly to a schoolhouse near plaintiffs' northwest corner. The Josie Cate title is entirely distinct from the title to the T. L. Cate lands presently owned by plaintiffs and defendants. The deed to Mrs. Josie Cate contains a reservation for a road twenty feet wide along her southern line for the benefit of the property owners claiming under her ancestor in title. The old school has been closed for approximately twenty years and the road, except for occasional lumber operations, has not been used since the closing of the school. In places this road extended over on the property of defendants some two, three, or four feet in the first 400 feet back from the Chapel Hill Highway. Beyond that point it is presently impossible to determine where the old road was located.

The easement granted plaintiffs' ancestor in title is appurtenant to the land sold by T. L. Cate and is an estate or interest in land. It is created by written instrument under seal, duly recorded. The deed from Cate to Hogan for the land presently owned by plaintiffs made the land conveyed the dominant estate and the land retained by Cate the servient estate.

Cate's deed for plaintiffs' land did not fix the location of the road which was appurtenant to the property conveyed. As the owner of the servient estate he had the right to fix the location

of that road. *Cooke v. Electric Membership Corp.*, 245 N.C. 453, 96 S.E. 2d 351; *Borders v. Yarbrough*, 237 N.C. 540, 75 S.E. 2d 541; *Bender v. Telegraph Co.*, 201 N.C. 355, 160 S.E. 352; *White v. Coghill*, 201 N.C. 421, 160 S.E. 472; *Mfg. Co. v. Hodgins*, 192 N.C. 577, 135 S.E. 466, s. c. 190 N.C. 582, 130 S.E. 330; *Ingelson v. Olson*, 110 A.L.R. 167, and annotations; 17A Am. Jur. 711; 28 C.J.S. 761.

Cate, in 1942, when he conveyed the servient estate, exercised his right to locate plaintiffs' easement. It is expressly provided in the deed for defendants' land that the right of way should be along the northern boundary of the servient estate. Plaintiffs accept that location and insist on their property rights. Plaintiffs do not seek a cartway or to have an easement implied from a sale of the property by Cate. They limit their claim to the easement expressly granted. Having bought and paid for the easement, they cannot now be compelled to pay for it a second time. There was error in remanding the cause to the clerk for the appointment of commissioners to assess damages.

Defendants assign two errors: the first, to the denial of the demand for jury trial on issues tendered.

Defendants excepted to parts of four findings of fact and tendered issues relating to these exceptions. The steps requisite to a jury trial when a compulsory reference has been ordered are enumerated with copious citations of authorities in *Bartlett v. Hopkins*, 235 N.C. 165, 69 S.E. 2d 236. Some, if not all of defendants' exceptions fail to meet the third condition there enumerated. That defendants' land lies between the highway and plaintiffs' land is shown by the deeds attached to the complaint, admitted in the answer as sources of title under which the parties claim, and by the testimony in the case. The court is not required to submit an issue to establish admitted facts.

Likewise the existence of a road on the property of an adjoining landowner which plaintiffs might be permitted to use could not deprive plaintiffs of the property rights they had bought and paid for. The deed from Cate to Hogan *granted* a right of ingress and egress. He could only grant that right with respect to his property. He could not *grant* a right to use the property of another. The existence or nonexistence of such a road was not an issuable fact in this case.

Defendants' first exception fails to comply with the rules. It cannot be sustained. *Worsley v. Rendering Co.*, 239 N.C. 547, 80 S.E. 2d 467.

Defendants' second assignment of error is to the judgment. No error appears on the face of the record. The facts found support the judgment, insofar as it affirms the referee's conclusions. Defendants' second exception cannot be sustained.

On plaintiffs' appeal: Error and Remanded for Proper Judgment.

On defendants' appeal: Affirmed.