W. A. KANUPP AND WIFE, NELLIE KANUPP v. T. L. LAND AND WIFE, MAUDE LAND, J. P. BRADSHAW (SINGLE), MRS. ANNIE LORAIN BEACH AND HUSBAND, W. ROY BEACH, FRED GIBSON AND WIFE; JOHNSIE GIBSON, JOE MINTON AND WIFE, FLORA MINTON, LEE G. TOMLINSON AND WIFE, MRS. LEE G. TOMLINSON, A. L. PEARSON AND WIFE, MRS. A. L. PEARSON, ARTHUR KINCAID AND WIFE, RUTH KINCAID, ROBERT L. CLONTZ AND WIFE, MRS. ROBERT L. CLONTZ.

(Filed 9 April, 1958)

**1. Highways § 15—**

G.S. 136-69 merely gives to the owner of property who is without reasonable access to a public road the right to establish a cartway across the lands of others upon payment of compensation, but imposes no duty upon him to exercise that right, and therefore the owner of land adjacent

the public highway cannot maintain a proceeding to establish a cartway across his own lands and thus force owners of lands away from the highway to acquire such right.

**2. Same—**

The right to establish a cartway to a public road under the provisions of G.S. 136-69 obtains only at the instance of owners of property without reasonable access to a public road, and if reasonable access exists, there is no right to establish a cartway under the statute.

**3. Same:    Judgments § 32—**

A judicial determination that a road to a public highway abutting the lands of all the parties should be kept open is binding on the parties and precludes subsequent proceedings among the same parties or their privies to establish a cartway under G.S. 136-69, since it establishes that a way of ingress and egress subsists.

 APPEAL by plaintiffs from *Froneberger, J.,* January 1958 Term of CALDWELL.

This proceeding was begun by filing a petition with the clerk of the Superior Court. It alleges in brief: Defendants Land in 1946 purchased a tract of thirty acres from defendant Bradshaw; subsequent to their purchase they constructed a road across the remaining property of Bradshaw, connecting Lands' property with the State Highway known as the Connelly Springs Highway; this road crosses the property of plaintiff, also purchased from Bradshaw; Annie Beach is the devisee of R. B. Bush; the properties of plaintiffs and defendants abut on the road constructed by defendants Land; the road terminates at Lands' property; when plaintiffs and defendants purchased, it was contemplated and understood that a legal roadway would be established along the dividing line between J. P. Bradshaw and R. B. Bush; no such road has been established; there is no public road or way of right furnishing a means of ingress from and egress to the highway available to the parties, which fact makes necessary the establishment of a cartway as provided by G.S. 136-68 and 136-69; defendants Land have constantly "encroached" on the properties of plaintiffs and now claim an area forty feet in width across plaintiffs' property.

The prayer is that a jury of view go on the lands of plaintiffs and defendants and lay off and establish a cartway along the line dividing the properties known as the J. P. Bradshaw and R. B. Bush lands.

Defendants Clontz, Bradshaw, and Land filed answers. These answers denied the right of plaintiffs to call on the court to establish a cartway for the benefit of answering defendants. In support of their denial they allege: Defendant Bradshaw and R. B. Bush were adjoining landowners, who, desirous of selling their properties in smaller parcels, constructed a road twenty feet wide, half on the Bradshaw

land and half on the Bush property; this road extended from the Connelly Springs Highway to the thirty-acre tract thereafter purchased by defendants Land from defendant Bradshaw; subsequent to Land's purchase and the dedication and construction of the road in controversy, plaintiffs purchased from defendant Bradshaw.

The defendants Bradshaw and Land, as an additional defense, plead an estoppel by judgment rendered in the Superior Court of Caldwell County in an action entitled *Mr. and Mrs. T. L. Land v. W. A. Kanupp and Mrs. W. A. Kanupp,* wherein the dedication and right to use the road were put in issue.

No pleadings were filed by the other defendants.

When the cause was heard by the clerk, the judgment roll in the action of *Land v. Kanupp,* pleaded as an estoppel, was offered in evidence. The pleadings in that action put at issue the right of the plaintiffs therein to use a road twenty feet in width extending from the Connelly Springs Highway to the thirty-acre tract which the plaintiffs therein (defendants Land) had purchased from J. P. Bradshaw. The judgment rendered in that action provided: "That the defendants shall keep open and leave open the present road as is now located from plaintiffs' residence to the Connelly Springs Highway henceforward and not interfere with traffic thereon. . . . It is FURTHER ORDERED that plaintiffs shall not trespass upon property of the defendants herein." This judgment was consented to by the parties to the action and by their respective counsel.

The clerk concluded that plaintiffs were estopped by the prior judgment and dismissed the action. Plaintiffs then appealed to the Superior Court in term. Judge Froneberger, upon the call of the case for trial, "after reading pleadings and hearing statement from counsel," concluded that the judgment of the clerk should be affirmed. He thereupon affirmed the judgment rendered by the clerk and dismissed the action. Plaintiffs appealed.

*W. H. Strickland for plaintiff appellant.*
*Townsend & Todd for defendant appellees.*

RODMAN, J. A property owner who has no reasonable access to his property and for that reason is denied the beneficial use thereof may file his petition with the clerk of the Superior Court and, upon a showing of necessity and payment of the damages sustained, have an easement imposed on the land of his neighbor to provide the isolated property owner reasonable access to a public road. G.S. 136-69.

The statute merely accords a right to the property owner who is without reasonable access to the public road. It imposes no duty on him to exercise that right. Compensation for the servitude imposed by

establishing a cartway is a condition precedent to acquisition. *Garris v. Byrd,* 229 N.C. 343, 49 S.E. 2d 625.

Kanupps, plaintiffs, are not here seeking a cartway across the properties of Lands and the other defendants. They seek to reverse the statutory process: they seek the aid of the court to compel Lands and the other defendants to acquire a cartway across plaintiffs' property. The statute does not accord plaintiffs this right; nor can defendants be compelled to accept a cartway in substitution for an easement presently owned by them. *Andrews v. Lovejoy,* 247 N.C. 554.

Also essential to the establishment of a cartway is absence of reasonable access to the public road. If reasonable access exists, plaintiffs are not entitled to have a cartway established. G.S. 136-69; *Garris v. Byrd, supra; Waldrop v. Ferguson,* 213 N.C. 198, 195 S.E. 615; *Collins v Patterson,* 119 N.C. 602; *Plimmons v. Frisby,* 60 N.C. 200; *Burgwyn v. Lockhart,* 60 N.C. 264.

Prior to the institution of this proceeding, it had been judicially determined that the road from the property of defendants Lan to the Connelly Springs Highway shall be kept open, and the traffic thereon shall not be interfered with. Plaintiffs here allege that the properties of all defendants abut on that road. No defendant suggests that it does not provide reasonable access to a public road. To the contrary, answering defendants insist that the road so required to be kept open does provide them with reasonable access to a public road. Present plaintiffs Kanupp and present defendants Land were before the Superior Court of Caldwell County with their positions reversed when the court was called upon to determine the right to use the road providing access to the highway. The court, having jurisdiction of the parties and of the question presented, answered the question and adjudged in effect that Lands and others had the right to use the road which provided them access to the public highway. The judgment then rendered is conclusive and binds the parties. *Gaither v. Skinner,* 241 N.C. 532, 85 S.E. 2d 909; *Cannon v. Cannon,* 223 N.C. 664, 28 S.E. 2d 240; *Current v. Webb,* 220 N.C. 425, 17 S.E. 2d 614; *Clinard v. Kernersville,* 217 N.C. 686, 9 S.E. 2d 381; *Leary v. Land Bank,* 215 N.C. 501, 2 S.E. 2d 570.

Since it had been determined that one of the essential elements requisite to the establishment of a cartway did not exist, the court correctly adjudged that plaintiffs were not entitled to maintain the action for a cartway.

Plaintiffs do not pretend to seek the aid of the court in locating the boundaries of the road declared to exist by the judgment entered in the action of *Land v. Kanupp.* The provisions of c. 38 of the General Statutes would be available to determine the location of the road de-

scribed in that judgment; but plaintiffs cannot ask for the location of something which they deny exists. *Nesbitt v. Fairview Farms,* 239 N.C. 481, 80 S.E. 2d 472; *Wood v. Hughes,* 195 N.C. 185, 141 S.E. 569; *Parker v. Taylor,* 133 N.C. 103. Plaintiffs do not seek damages for a trespass by defendants Land.

Affirmed.