MARY M. PRITCHARD v. WILLARD SCOTT AND WIFE, EDNA A. SCOTT,
ETHEL S. COBB, DOROTHY MEADS JAMES AND HUSBAND, REUBEN
C. JAMES, GERTIE SCOTT HALSTEAD AND HUSBAND, CALVIN HAL-
STEAD, AND D. V. PRITCHARD, JR. AND WIFE, DOROTHY B. PRITCH-
ARD.

(Filed 22 March, 1961.)

**1. Appeal and Error § 3:   Highways § 14—**

Judgment that petitioner is entitled to have a cartway laid off in ac-
cordance with G.S. 136-69 across the lands owned by one group of re-
spondents or across the lands owned by another group, and remanding
the cause to the clerk with directions that a jury of view be appointed to
lay off the cartway, is final in that it adjudicates that the land of the ap-
pealing respondents is subject to the easement, and they have the right
of immediate appeal from the judgment without waiting to see where
the jury of view may locate the cartway.

**2. Easements § 3—**

An easement appurtenant, based upon a visible way of access to a
public road existing across other lands of grantor or testator at the time
of the severance of title, is distinct from a way of necessity, which is
created by operation of law whenever land conveyed or devised is shut
off from access to a public way by other lands of the grantor.

**3. Same:   Highways § 12—**

The statutory procedure for the condemnation of a cartway, G.S.
136-67 and G.S. 136-69, is separate and distinct from the right to es-
tablish an easement by necessity, and the grantee or devisee of a tract
of land which is cut off from access to a public way by other lands of
the grantor or testator is not relegated to the statutory procedure to
establish his easement by necessity.

**4. Highways § 12—**

A petitioner is not entitled to condemn a cartway if she presently has
reasonable access to a public road, but in proceedings to establish a
cartway under the statute, the respondent has the burden of proving
the existence of such other way.

**5. Same—**

Where the owner of a tract of land devises that part thereof having
access to a public road to his son and devises the other part thereof
to his widow, the widow is not entitled to condemn a cartway over the
land of strangers to the title, since she can have no better right than
her testator, and he, having access to a public way, was not entitled to
condemn an additional right-of-way.

APPEAL by defendants Willard Scott and wife, Edna A. Scott, Ethel
S. Cobb, Gertie Scott Halstead and husband, Calvin Halstead, from
*Bone, J.,* September Term, 1960, of PASQUOTANK.

Special proceeding under G.S. 136-68 and G.S. 136-69 to establish a cartway (private way) from petitioner's land to a public road.

D. V. Pritchard, Sr., prior to his death in 1959, owned and cultivated, as one farm, a tract of land in Salem Township, Pasquotank County, on which he resided. A road, known as the Meads Pier Road, extended along the southern boundary of said farm. It provided access to the (hard-surfaced) Weeksville Road.

Pritchard, Sr., devised the northern portion of said farm, thirty-four acres of arable land, to petitioner, his wife, and the remainder, the southern portion; to D. V. Pritchard, Jr., his son by a former marriage. The dwelling house (fronting on the Meads Pier Road, where Pritchard, Jr., lives) and outbuildings were on said southern portion.

No part of petitioner's land abuts a public road. The Meads Pier Road extends along the southern boundary of the land of Pritchard, Jr. Pritchard, Sr., "in cultivating the property when it was on one tract of land used the Meads Pier Road in getting out to the hard surface road."

Appellants (Scotts) own lands adjoining and lying north and west of petitioner's land. A lane on the Scott lands extends from the "old Scott home," now owned by Ethel S. Cobb, to the Weeksville Road. A portion of the Scott lane is near the northwest corner of petitioner's land.

Petitioner testified: "The Meads Pier Road and the Scott lane generally speaking run parallel to each other, . . . the Scott lane is further to the North, that is in the direction of Elizabeth City." The record does not disclose the acreage devised to Pritchard, Jr., or the distance from the southern boundary of petitioner's land (across the land of Pritchard, Jr.) to the Meads Pier Road. The only evidence bearing thereon discloses that the distance to the Weeksville Road (1) from the northwest corner of petitioner's land via the Scott lane and (2) from the Pritchard, Jr., dwelling (in the southwest corner of his land) via the Meads Pier Road, was approximately the same, some two-tenths or three-tenths of a mile.

Petitioner alleges that "it is necessary, reasonable, and just" that she "have a private way to a public road over the existing lane or roadway (Scott lane) leading directly to the . . . Weeksville Highway from the westerly corner of said property *or* over some other portion of lands of *some* of said respondents." (Our italics)

Pritchard, Jr., answering, alleges that "it is necessary that petitioner have a private way to the public road over the existing lane or road-

way (Scott lane) leading directly from the westerly corner of the aforesaid tract of land to the hard-surfaced Weeksville Highway."

Appellants (Scotts), answering, alleged that, during the ownership of Pritchard, Sr., and theretofore and thereafter, "an apparent and visible farm road or way (was) used by the owner and owners of said lands for the benefit, in part, of the lands now owned by the petitioner, and across the lands now owned by the defendant, D. V. Pritchard, Jr., which said way or ways led to a public road," and that an easement to use said apparent and visible farm road vested in petitioner as appurtenant to the land devised to her by Pritchard, Sr. If not, so the Scotts alleged, petitioner is legally entitled to *an* outlet from her land across the land of Pritchard, Jr., as a way of necessity, to the Meads Pier Road. In either event, the Scotts asserted, petitioner is not entitled to condemn a cartway (private road) across their lands.

Defendants Dorothy Meads James and Reuben C. James did not answer.

The parties waived a hearing before the clerk as to "whether petitioner is entitled to a cartway under G.S. 136-69," and in the superior court waived jury trial and agreed that the court might find the facts and render judgment.

After recitals, the judgment provides:

". . . the COURT FINDS THE FOLLOWING FACTS:

"1. That the petitioner is the owner of the tract of land described in the petition.

"2. That petitioner is engaged in the cultivation of crops upon said tract of land.

"3. That there is no public road leading to said tract of land.

"4. That there is no other adequate means of transportation affording necessary and proper means of ingress to and egress from said tract of land.

"5. That the petitioner has not acquired any easement across the lands of respondent D. V. Pritchard, Jr., as alleged in the amendment to the answer of certain of the respondents, which would constitute any adequate means of transportation affording necessary and proper means of ingress to and egress from petitioner's tract of land.

"6. That petitioner has not acquired any easement in the lane referred to in the answer of respondents D. V. Pritchard, Jr. and Dorothy B. Pritchard, which would constitute adequate means of transportation affording necessary and proper means of ingress to and egress from petitioner's tract of land.

"The Court CONCLUDES AS A MATTER OF LAW that petitioner is entitled to have a private way from her tract of land across the lands of some of the respondents to a public road to have a cartway laid off in accordance with the provisions of General Statute 136-69.

"NOW, THEREFORE, IT IS by the Court ORDERED, ADJUDGED AND DECREED that petitioner is entitled to have a cartway laid off across the lands of some of the respondents in accordance with the aforesaid statute and this proceeding is REMANDED TO THE CLERK, who is directed to appoint a jury of view of three disinterested freeholders to view the premises and lay off a cartway and otherwise to proceed in accordance with the provisions of law."

Appellants excepted, *inter alia,* to the denial of their motions for judgment of nonsuit, to Findings of Fact Nos. 4 and 5, to the court's Conclusion of Law, and to the judgment, and appealed.

*McMullan, Aydlett & White for plaintiff, appellee.*
*M. B. Simpson, Jr., for defendants Pritchard, appellees.*
*John H. Hall for defendants, appellants.*

BOBBITT, J.  Appellants' basic contention is that, whatever rights petitioner may have to condemn a cartway or to establish an appurtenant easement or a way of necessity over the land of Pritchard, Jr., she has no right to condemn a cartway over their lands.

While the judgment does not expressly authorize or direct the jury of view to lay off a cartway over appellants' lands, the clear implication is that they *may* do so. Is the appeal premature? May an appeal be taken unless and until the jury of view actually locates the cartway, in whole or in part, over appellants' lands?

In *Triplett v. Lail,* 227 N.C. 274, 41 S.E. 2d 755, and cases cited, it was held that a landowner may appeal to the superior court from an order of the clerk adjudging the right of petitioner to a cartway over his land. The basis of decision is that an order adjudging petitioner's right to a cartway is a final order. The judgment of Judge Bone, in effect, adjudges petitioner's right to a cartway over appellants' lands. In this respect, it is a final judgment.

Appellants' defense has no relation to where (on their lands) the cartway should be located. It challenges petitioner's right to a cartway over any portion of their lands. It extends to the whole cause of action as between petitioner and appellants. In short, it is a plea in

bar. *Solon Lodge v. Ionic Lodge,* 245 N.C. 281, 287, 95 S.E. 2d 921, and cases cited.

True, appellants may have preserved their exceptions to Judge Bone's judgment, to be brought forward upon appeal in the event of an adverse final judgment locating the cartway, in whole or in part, over their lands. They were not required to do so. They were entitled, if so minded, to except to Judge Bone's judgment and appeal therefrom forthwith. *Pritchett v. Supply Co.,* 153 N.C. 344, 69 S.E. 249; *Gaither v. Hospital,* 235 N.C. 431, 442, 70 S.E. 2d 680.

"It is a well-settled rule that where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary for their fair enjoyment of the other part of the estate, then upon a severance of the ownership, a grant of the right to continue such use arises by implication of law. This doctrine is usually called the rule of visible easements." 17A Am. Jur., Easements § 41.

Invoking this doctrine, the plaintiffs, in *Potter v. Potter,* 251 N.C. 760, 112 S.E. 2d 569, and cases cited, sought to establish, by civil action, an easement, as appurtenant to their lands, to use a specific roadway, allegedly in existence and in use prior to the severance of title, extending across the defendant's land to a public road. In *Potter, Moore J.,* sets forth fully the prerequisites for the establishment of such appurtenant easement.

*Petitioner* does not allege she is legally entitled to access to the Meads Pier Road over the land of Pritchard, Jr. Appellants, by way of affirmative defense, assert petitioner has such right, either as an appurtenant easement over a specific farm road or as a way of necessity. Hence, the burden of proof was on appellants to establish the facts necessary to support their alleged affirmative defense. *Wells v. Clayton,* 236 N.C. 102, 106, 72 S.E. 2d 16, and cases cited.

The court, in the challenged findings of fact, did not attempt to distinguish between an appurtenant (visible) easement and a way of necessity. We are of opinion, and so hold, that there was ample evidence to support a finding that petitioner has no appurtenant easement in a specific roadway leading from her land across the land of Pritchard, Jr., to the Meads Pier Road. Whether, under the undisputed facts, petitioner has a legal right to a way of necessity over the land of Pritchard, Jr., as a means of access to the Meads Pier Road, requires separate and further consideration.

The generally recognized distinction between a way of necessity and an appurtenant easement in a specific roadway arising from pre-

existing use is set forth in the following excerpt from 17A Am. Jur., Easements § 58.

"Although a way of necessity is sometimes confused with an easement arising, on severance of title, from a pre-existing use, there is a definite distinction between them, mainly because a way of necessity does not rest on a pre-existing use but on the need for a way across the granted or reserved premises. A way of necessity is an easement arising from an implied grant or implied reservation; it is of common-law origin and is supported by the rule of sound public policy that lands should not be rendered unfit for occupancy or successful cultivation. Such a way is the result of the application of the presumption that whenever a party conveys property, he conveys whatever is necessity *(sic)* for the beneficial use of that property and retains whatever is necessary for the beneficial use of land he still possesses. Thus, the legal basis of a way of necessity is the presumption of a grant arising from the circumstances of the case. This presumption of a grant, however, is one of fact, and whether a grant should be implied depends upon the terms of the deed and the facts in each particular case.

"A way of necessity arises where there is a conveyance of a part of a tract of land of such nature and extent that either the part conveyed or the part retained is entirely surrounded by the land from which it is severed or by this land and the land of strangers. It is a universally established principle that where a tract of land is conveyed which is separated from the highway by other lands of the grantor or surrounded by his lands or by his and those of third persons, there arises, by implication, in favor of the grantee, a way of necessity across the premises of the grantor to the highway."

In accord: 28 C.J.S., Easements §§ 35-37; Tiffany, Real Property, Third Edition, Vol. 3, § 793; Thompson, Real Property, Permanent Edition, Vol. 2, § 533; Mordecai's Law Lectures, Second Edition, Vol. 1, p. 466.

The doctrine of ways of necessity as distinguished from the doctrine of visible easements has been set forth in the opinions of this Court. *Lumber Co. v. Cedar Works,* 158 N.C. 161, 167, 73 S.E. 902; *Carmon v. Dick,* 170 N.C. 305, 308 and 309, 87 S.E. 224; *Carver v. Leatherwood,* 230 N.C. 96, 98, 52 S.E. 2d 1; *Smith v. Moore, ante,* 186, 118 S.E. 2d 890.

"A way of necessity is a temporary right in the sense that it con-

tinues only so long as the necessity exists, varies as the necessity varies, and ceases to exist upon the termination of the necessity which gave rise to it." 17A Am. Jur., Easements § 100. The rule applicable where a general (unlocated) right of way is granted (17A Am. Jur., Easements § 101 *et seq.*) is applicable *to the location* of a way of necessity. "As in the case of easements generally the rule has been established that the right to select the location of a way of necessity belongs to the owner of the servient estate, provided he exercises the right in a reasonable manner, with regard to the convenience and suitability of the way and to the rights and interests of the owner of the dominant estate." 17A Am. Jur., Easements § 108.

Where a general (unlocated) right of way was granted, this Court held the rights of the parties in respect of the location thereof "are the same as when 'a way of necessity' to the designated highway (has) been established *in invitum.*" *Brick Co. v. Hodgin,* 190 N.C. 582, 585, 130 S.E. 330; *Mfg. Co. v. Hodgins,* 192 N.C. 577, 579, 135 S.E. 466. In *Andrews v. Lovejoy,* 247 N.C. 554, 556, 101 S.E. 2d 395, *Rodman, J.,* says: "Cate's deed for plaintiffs' land did not fix the location of the road which was appurtenant to the property conveyed. As the owner of the servient estate he had the right to fix the location of that road. (Citations)"

Although the doctrine of ways of necessity is set forth in opinions of this Court, we have found no decision where a plaintiff, by action in the superior court, has established his right to and the location of a way of necessity. In *Carver v. Leatherwood, supra,* where the hearing was on demurrer, there is a clear intimation that, in an appropriate factual situation, a plaintiff may do so. *Barnhill, J.* (later *C.J.*), cites with approval "17 A.J. 959, sec. 48 *et seq.*" The discussion in the cited reference is brought forward in substance in the excerpt from 17A Am. Jur., Easements § 58, quoted above.

While the evidence was in conflict as to whether Pritchard, Sr., during his ownership, used a specific roadway for such purpose, all the evidence shows that his only access from the portion of his (cultivated) land devised to petitioner to a public road was over the land devised to Pritchard, Jr., to the Meads Pier Road. It is noted that Pritchard, Sr., did not assert, nor does petitioner, any legal right of access to the Weeksville Road via the Scott lane or other route over any portion of appellants' lands.

Nothing in the evidence indicates that Pritchard, Sr., intended that his widow, in respect of the portion of the farm devised to her, should be deprived of access to the Meads Pier Road. Under the evidence, the necessity for such access was absolute and the only reasonable

PRITCHARD *v.* SCOTT.

implication is that Pritchard, Sr., intended that his widow should have such right of access.

Whether the Meads Pier Road, in a technical sense, is a public road or a neighborhood public road (G.S. 136-67), need not be determined. Suffice to say, the right of the public generally to use the Meads Pier Road is not challenged.

It is well settled that petitioner is not entitled to condemn a cartway if she presently has reasonable access to a public road. *Kanupp v. Land,* 248 N.C. 203, 206, 102 S.E. 2d 779. This is true even if such reasonable access is permissive. *Garris v. Byrd,* 229 N.C. 343, 49 S.E. 2d 625; also, see *Burwell v. Sneed,* 104 N.C. 118, 10 S.E. 152, and cases cited. Thus, if petitioner is presently entitled to a way of necessity over the land of Pritchard, Jr., to the Meads Pier Road, her petition for a cartway should be denied.

Petitioner relies largely on *White v. Coghill,* 201 N.C. 421, 160 S.E. 472. She contends the only way of necessity now recognized by our law is such as may be condemned under G.S. 136-68 and G.S. 136-69. Candor compels the admission that petitioner finds support for her contention in the cited case.

In *White v. Coghill, supra,* the plaintiff, by civil action, sought to establish a way of necessity over the land of the defendant. The factual situation would be quite similar to that here involved *if* this were a civil action by petitioner to establish a way of necessity *over the land of Pritchard, Jr.* There, the action was between the devisees of portions of a single tract owned by the devisor. Land of strangers to the devisor's title was not involved. There was no allegation in the petition as to a pre-existing specific roadway for the benefit of the land owned by the petitioner. Too, as here, there was no provision in the devise with reference to an easement. A judgment of nonsuit was affirmed. The opinion concludes: "Hence, the situation is that, according to the allegations of the plaintiff, she owns lands not accessible to a highway except by crossing the lands of defendants. These facts invoke the application of C.S. 3835 and 3836 as the exclusive remedy to which plaintiff is entitled. Therefore, the ruling of the trial judge was correct."

In *White v. Coghill, supra,* the opinion cites, with apparent approval, prior cases in which the law of "way of necessity" is stated. Too, the opinion quotes Mordecai's exposition thereof, cited above. It is noted that Mordecai, after discussing generally the law of "way of necessity," states, in part, *in a subsequent separate paragraph:* "In this state we have a peculiar way of necessity. It is a way, known as a cartway, given by statute to one whose lands are cut off from

access to the public highway, and which is obtained by condemnation proceedings." Since the quotation from Mordecai is the only authority cited to support the conclusion reached, it appears that the court concluded that the quoted statement supported the view that our "peculiar way of necessity" superseded and nullified the general law of "way of necessity" previously discussed in detail. Further consideration convinces us that Mordecai's statement does not support this conclusion.

It is noted that this Court, in the subsequent cases of *Carver v. Leatherwood, supra,* and *Smith v. Moore, supra,* stated and recognized the general law as to "way of necessity" in like manner as in cases decided prior to *White v. Coghill, supra.*

Material differences between a way of necessity under the general law and a cartway condemned in accordance with G.S. 136-68 and G.S. 136-69 include the following: If entitled to a "way of necessity" under the general law, a person is entitled thereto as a matter of right. No payment of compensation therefor is required. On the other hand, the "peculiar way of necessity" is obtained by condemnation and payment of compensation for a specific cartway in those instances where petitioner has no reasonable access to a public road as a matter of legal right or by permission.

Pritchard, Jr., did not appeal. Nothing in the record indicates whether he excepted to Judge Bone's judgment. As indicated above, petitioner does not assert she is legally entitled to a way of necessity over the land of Pritchard, Jr., to the Meads Pier Road. Rather, she asserts her right *to condemn* a cartway. Under the circumstances we deem it inappropriate to discuss further the rights and liabilities of petitioner and of Pritchard, Jr., *inter se.*

Referring to The Code, sec. 2056, which, as amended, is now codified as G.S. 136-69, *Merrimon, J.* (later *C.J.,*) said: "This statutory provision is in derogation of the free and unrestricted use and enjoyment of the land by the owner thereof, over which the cartway is established, and must be construed strictly." *Warlick v. Lowman,* 103 N.C. 122, 9 S.E. 458; *Warlick v. Lowman,* 104 N.C. 403, 10 S.E. 474; *Brown v. Glass,* 229 N.C. 657, 50 S.E. 2d 912. In *Warlick v. Lowman, supra* (104 N.C. 403), *Clark, J.* (later *C.J.*), said: ". . . a petitioner is not entitled to have a cartway laid out over another's land simply because it would give him a shorter and better outlet to the public road. If he already have a private way, or by parol license an unobstructed way, across the land of another, the petition should be denied, and evidence tending to show that the desired cartway would be shorter than the outlet in use should be excluded as immaterial."

Pritchard, Sr., during his ownership, had access from all portions of his land (over his own land) to the Meads Pier Road. Obviously, Pritchard, Sr., could not have condemned a cartway over the lands of appellants. The question arises: Did his devisee acquire a greater right by reason of the fact that, in devising a portion thereof, he did not expressly provide that she should have a right of access to the Meads Pier Road? In our view, petitioner acquired no greater right than Pritchard, Sr., had in respect of the condemnation of a cartway over the lands of appellants.

Common fairness, as well as strict statutory construction, impels the conclusion that petitioner has no right to condemn a cartway over the land of strangers to the title of Pritchard, Sr., when, as the undisputed facts show, a cartway may be laid off over the land of Pritchard, Jr., which, with that of petitioner, constituted a single tract before the severance of title.

Hence, for the reasons stated, we are of opinion, and so hold, that appellants' motion for judgment of nonsuit, interposed at the close of petitioner's evidence and renewed at the close of all the evidence, should have been allowed. Accordingly, there is error in the judgment. On account thereof, the cause is remanded for modification of the judgment so as to include therein an adjudication that, as to appellants, petitioner's proceeding is nonsuited.

Error and remanded.