## J. G. WARLICK v. SARAH LOWMAN.

*Code, § 2056—Cartway—Evidence—Procedendo—Judgment.*

1. A petitioner is not entitled to have a cartway laid out over the lands of another, under section 2056 of *The Code*, simply because it would give him a shorter and better outlet to a public road; and if the evidence shows only that the desired cartway is shorter than the outlet in use, it should be denied.

2. When the jury find such cartway is a necessity, because there is no other, then evidence of the length and nature of the route proposed, as compared with others, is competent to show that the demand is reasonable and just.

3. Instead of issuing a *procedendo* to the lower Court, the better practice is that proceedings issue from the Superior Court where the appeal was tried.

This was a Proceeding, begun before the Board of Supervisors of Icard township, Burke County, for a cartway, brought by successive appeals to the Superior Court of said county, and tried before *Philips, J.*, at Fall Term, 1889, of BURKE Superior Court.

The petitioner J. G. Warlick was introduced as a witness, and testified to the location of his dwelling, and that there was no way of getting to and from it, except by going over the lands of the defendant, or of one Margaret Gross; that the land owned by said parties entirely surrounded his farm and dwelling, and that both the defendant and Margaret Gross had forbidden him to go over their lands, and there was no public road or any way of getting to and from his dwelling-house to any public road; that, by permission of Margaret Gross, he had, at one time, attempted to build a road over her land, but, on account of a very high hill (plaintiff living in the midst of the South Mountains), he had to give up the attempt, as he could not get a loaded wagon over the road; that permission to use the same had been recalled by Mrs. Gross, and she forbade him to use it longer.

There was much other testimony.

On cross-examination, plaintiff was asked if he had not told William Matthis, while working on the Gross road, that when he got it worked out it would be a shorter road and a better road than the Lowman road (the Lowman road being the road prayed for in the petition first, and used by defendant from 1879 up to a short time before the institution of the proceeding, when it was shut up by defendant, who had forbidden him to go over her land any more, or over said road). In reply to this question, witness testified he could not remember that he had told any such thing, for, as a matter of fact, the Gross road which he worked on was about four hundred yards longer than the Lowman road.

One W. A. Wilson testified as a witness in behalf of the plaintiff, and, on his direct examination, was asked which road was the longer, the Lowman road or the Gross road.

The defendant objected to the question. Objection overruled, and defendant excepted.

Witness stated that the Gross road was the longest.

There was evidence that two private ways, or neighborhood roads, passed within about five hundred yards of plaintiff's house, over the lands of Margaret Gross, and, to get to either of these roads from plaintiff's dwelling-house and farm, he would have to pass over the land of Margaret Gross, who had forbidden him to go over her land for any purpose. There was, also, evidence that one of these roads ran over the lands of six parties, and the other over the lands of four parties; that both of these ways were obstructed by gates and bars, one road having three gates and one pair of bars—the other, two gates and one pair of bars, and one an impassable ford, and had been abandoned.

Plaintiff proposed to prove by witness the length of said road, as compared with the cartway prayed for in petition, and the distance from plaintiff's dwelling to the public road by each.

Defendant objected. Objection overruled.

Witness testified that, over the cartway prayed for, the distance from the plaintiff's dwelling-house to the public road would be about one-half mile; over one of the other roads it would be two miles, and over the other three-fourths of a mile, and the Gross road one mile.

Defendant excepted.

There was testimony on the part of the defendant tending to show that the plaintiff could travel over the Gross road and over the other road to the public road, and defendant denied that plaintiff had been forbidden by Mrs. Gross. She denied forbidding him.

His Honor, in instructing the jury, stated that mere convenience would not entitle the plaintiff to a cartway, as prayed for in the petition, and the fact that the cartway prayed for would be a shorter and more convenient way of getting to the public road than by going over the Gross road, or the other two roads, would not entitle him to the cartway; that his right to it must be founded upon necessity, and if he had any other unobstructed way of getting to the public road, or a parol license to go over either the lands of Gross or Lowman, or any one, he would not be entitled to a verdict.

The jury found a verdict in favor of the plaintiff, and from the judgment rendered thereon the defendant appealed.

*Mr. S. J. Ervin*, for the plaintiff.
*Mr. I. T. Avery*, for the defendant.

CLARK, J.—after stating facts as above: All the exceptions taken on the trial are to the admissibility of evidence offered to show that the cartway prayed for would be shorter than that suggested by the defendant over the Gross land. Section 2056 of *The Code* is in derogation of the rights of landowners, and a petitioner is not entitled to have a cartway laid out over another's land simply because it would give him a shorter and better outlet to the public road. If he already have a private way, or, by parol license, an unobstructed way, across the land of another, the petition should be denied, and evidence tending to show that the desired cartway would be shorter than the outlet in use should be excluded as immaterial. *Warlick* v. *Lowman*, 103 N. C., 122, and cases there cited.

It is alleged in this case that the plaintiff had no other outlet of any kind whatever. This, it is true, was denied by the defendant. The jury, however, might, and did, find with the plaintiff that the road asked for was a "necessity," by reason of there being no other, and, in that event, evi-

dence as to the length and nature of the route, if laid out over defendant's land, as compared with one laid out in a different direction, was competent as tending to show that the demand was "reasonable and just." The Court instructed the jury as to the bearing of the evidence objected to, and we do not think they could have been misled.

The defendant excepted, also, to the form of the judgment, but did not specify wherein there was error. This has always been held to be too general. It is proper, however, to say that, if the exception is, as we suppose, to retaining the cause in the Superior Court instead of issuing a *procedendo* to the lower Court, this was formerly the settled practice. *Shoffner* v. *Fogleman*, Busb., 280; *Caldwell* v. *Parks*, Phil., 54. While our present statute (section 2056) is, in some respects, dissimilar, still, on appeal, the trial in the Superior Court is *de novo*, and the issues of fact are to be found by a jury.

We see no good reasons requiring the proceedings to be remanded to the County Commissioners that they may, in turn, remand to the Township Board of Supervisors. A writ to the Sheriff, commanding him to summon a jury, lay off the cartway and assess the damages, can issue as well from the Superior Court as from the Township Board of Supervisors. This will avoid another possible appeal from the latter upon a confirmation of the report. It is the course consonant with former precedents, and has the advantage of being the simplest, speediest and most economical mode. It cannot, in any way, prejudice the rights of either party.

Affirmed.