## J. I. GARRIS v. DEWEY BYRD.

(Filed 13 October, 1948.)

**1. Highways § 15—**

Petitioner is entitled to the establishment of a cartway across the lands of another only if petitioner's land is not adjacent to a public road and has no adequate and proper means of ingress and egress to the highway, and he is not entitled to the relief if he has such means available to him at the time. G. S., 136-69.

**2. Highways § 16—**

The trial court found that petitioner had adequate ingress and egress to a public highway by permissive use of a private road across the lands of respondent, and then found that such permissive use was not sufficient and that petitioner is entitled to the establishment of a cartway over the lands of respondent. *Held:* The conflicting findings of the court make it advisable to vacate the judgment and remand the cause.

**3. Same—**

Upon judgment establishing petitioner's right to a cartway over private lands, the laying off of a cartway and the adjudication of damages are matters for the jury of view, subject to review by the court. G. S., 136-69.

APPEAL by defendant from *Moore, J.,* June Term, 1948, WILKES. Error.

Special proceeding under G. S. 136-68, 69, to establish a cartway or way of necessity from the lands of petitioner to a public highway.

Plaintiff owns a tract of land in Wilkes County. The land of defendant lies between his tract and the public road so that there is no public road leading to his property. He seeks the establishment of a cartway over and across the lands of defendant as provided by statute or, rather, the conversion of a permissive way into a cartway.

The defendant, answering, alleges that (1) plaintiff now has adequate means of ingress to and egress from his tract over and along a private road across defendant's land, which plaintiff has used and may continue

to use by plaintiff's permission, (2) plaintiff has adequate means of ingress and egress over and across the lands of another property owner, and (3) there are other adjoining landowners over whose property plaintiff may have a convenient cartway.

When the petition came on for hearing before the clerk he concluded that "it is necessary, reasonable and just that the petitioner have a cartway across the lands of the defendant" and appointed a jury of view to lay off said cartway and assess the damages. Defendant excepted and appealed.

When the appeal came on to be heard in the court below the parties waived trial by jury and agreed that the judge should find the facts and enter judgment thereon. Thereupon, after hearing the evidence and viewing the premises, the judge found certain facts and concluded that petitioner is entitled to a cartway across the land of defendant which cartway should follow the present roadway, widened to 14 feet, and that defendant is not entitled to any damages "by virtue of the establishment under this judgment of the cartway as hereinafter set out." Judgment was entered accordingly and defendant excepted and appealed.

*Trivette, Holshouser & Mitchell for plaintiff appellee.*

*W. H. McElwee, John R. Jones, and Whicker & Whicker for defendant appellant.*

BARNHILL, J. One of the primary questions the defendant seeks to present on this appeal is this: Is an adequate permissive way of ingress to and egress from property which is not served by a public road "other adequate means of transportation affording necessary and proper means of ingress thereto and egress therefrom" within the meaning of G. S. 136-69?

On this question the court found that petitioner now has "an adequate means of transportation or roadway as a proper means of ingress and egress . . . in all respects reasonable and adequate, and the petitioner has not been at any time cut off without an adequate means of egress and ingress to his property." It then concluded that the permissive use of a roadway is not sufficient and that petitioner is entitled to a cartway over and across the land of defendant. Thereupon, it entered its decree granting a cartway, specifying the course thereof, and denying defendant any damages for the land taken.

These findings and conclusions are so inconsistent and conflicting as to make it impossible for us to render any satisfactory decision of the question sought to be presented. The statute grants the right to a cartway only in the event the land of petitioner is not adjacent to a public road and has no "other adequate means of transportation affording neces-

sary and proper means of ingress thereto and egress therefrom." If he has such means available to him at the time, the petitioner is not entitled to the relief provided by G. S. 136-69.

If a permissive way is "in all respects reasonable and adequate" "as a proper means of ingress and egress," the petition should be denied. Conversely, if the permissive nature of the way renders it insufficient to meet the requirement of "other adequate means of transportation" within the meaning of the statute, the relief should be granted. On this record the court below found that the permissive way available to petitioner is "in all respects reasonable and adequate" and then concluded that it is not. In view of this condition of the record we deem it advisable to vacate the judgment entered and remand the cause for a rehearing.

It is not amiss to call attention to the fact that the court below undertook to "lay off" the cartway and to adjudicate the question of damages. These are matters for the jury of view. G. S. 136-69; *Triplett v. Lail,* 227 N. C., 274, 41 S. E. (2d), 755. Surely the imposition of an easement 14 feet wide and more than one-half mile long constitutes a "taking of property" and entitles the owner of the property so burdened to reasonable compensation. The amount to be awarded as compensation is for the jury of view to decide, subject to the right of the court to review their finding. G. S. 136-69.

The judgment entered is vacated and the cause is remanded for a rehearing *de novo.*

Error.