JOHN T. TAYLOR, JR., PETITIONER v. WEST VIRGINIA PULP & PAPER COMPANY, RESPONDENT.

(Filed 23 September, 1964.)

1. **Highways § 12—**

A land owner is entitled to establish a cartway over the lands of another if he has no proper access to a public way and if he satisfies the court that it is necessary, reasonable and just that he have such private way. G.S. 136-69.

2. **Water and Water Courses § 5—**

A stream navigable in fact is navigable in law, and its capacity for trade and travel in the usual and ordinary modes is the test and not the extent or manner of such use, and therefore evidence that logs were rafted down

a creek to a river is sufficient to sustain a finding that the creek is navigable.

**3. Highways § 12 —**

A person entitled to a private way across the lands of another under G.S. 136-69 is not entitled as a matter of law to select his route or to access to existing private roads on respondent's land, regardless of how expedient and economical the use of the private roads would be to him, but the location of the right of way is the task of a jury of view with its determination reviewable by the court.

**4. Same—**

The statutes providing for the establishment of cartways reasonably necessary for access to a public road are in derogation of the rights of private property and must be strictly construed. G.S. 136-68, G.S. 136-69.

**5. Water and Water Courses § 5—**

A navigable stream is a public way.

**6. Highways § 12—**

Petitioner instituted this proceeding to establish a cartway over the lands of respondent to transport his timber to market. The evidence disclosed that petitioner had access to a navigable creek and that timber had theretofore been transported by means of the creek. *Held:* While access to a navigable stream would not in every instance be sufficient, the finding of the court that in this particular situation such means of transportation was adequate is conclusive when supported by evidence, and the existence of such adequate access precludes the relief sought. G.S. 136-69.

**7. Same—**

Petitioner, for the purpose of transporting timber to market, sought a cartway to private roads on respondent's land with right to use the private roads to the public highway. Respondent offered to permit petitioner the right to construct a cartway by the shortest route to either one or the other of the public highways adjacent respondent's land. *Held:* The tender of an adequate permissive way meets the requirements of G.S. 136-69, and petitioner is not entitled to connect with respondent's private roads.

APPEAL by petitioner from *Cowper, J.,* January 1964 Session of DARE. Proceeding under G.S. 136-69 to condemn a cartway.

Petitioner (Taylor) and respondent (Pulp & Paper Company) both own timberland in Dare County. Petitioner's tract contains approximately 1,600 acres and is entirely surrounded by respondent's tract of about 612,000 acres. U. S. highways No. 64 and No. 264 traverse respondent's property, but no public road touches petitioner's property.

Measured from the closest point, petitioner's property is approximately 6⅛ miles south from Highway No. 64 and 5¾ miles west from No. 264. Respondent has constructed a number of dirt roads into and around its property for the purpose of  cutting and removing timber

and pulpwood, suppressing fire, and reforesting. Some of these roads connect with highways No. 64 and No. 264 and extend to points not far distant from petitioner's tract, the nearest being approximately 150 yards from it. Occasionally during the hunting season respondent's roads are open to hunters. Otherwise, the public is prohibited from using them and they are obstructed by locked cables. The hazard of fire is always a major concern to respondent.

Petitioner, desirous of cutting and marketing timber and pulpwood from his property, instituted this proceeding for the avowed purpose of having laid off to him a cartway "leading from the nearest boundary of petitioner's lands in a generally northern direction to and over the dirt road heretofore constructed and used by defendant to the public highway." He alleged that he had no reasonable access to his property except across the lands of respondent. Answering, respondent denied that it was necessary for petitioner to have a cartway over its property. It alleged that he already had adequate access over a sixty-foot right of way leading from the northwest corner of his tract over respondent's land to Mill Tail Creek, a navigable stream emptying into Alligator River. In its answer, however, it tendered him the use of a designated thirty-foot strip of land across its property to Highway No. 264 for the purpose of constructing a road to be used jointly by the parties for five years. At the end of that time all petitioner's rights in the road would end.

By reply, petitioner admitted that he owned a sixty-foot right of way to Mill Tail Creek, but averred that it was neither practical nor economically feasible to remove timber by this route. He also alleged that to build a road over the right of way tendered by respondent would be "economically impossible when considered with the amount of land and timber owned by petitioner."

The parties waived hearing before the clerk and agreed that ·the proceeding should be transferred to the Superior Court, where the judge should determine all issues of fact arising on the pleadings. Upon the trial petitioner's evidence tended to show:

There are 1.5 million feet of merchantable timber on his tract, which is swampland. He desires to cut the timber now mature and to grow future crops of timber. It is almost a mile from his land to Mill Tail Creek. To log over his appurtenant easement, he would have to build a railroad or a canal to the creek and employ a tug or a motor-driven barge to transport the logs from there to Alligator River. It would be more economical to log his tract with trucks over respondent's existing roads than to barge the logs. The market value of his timber would not justify the expense of building the road which respondent suggested.

Respondent's evidence tended to show:

In 1951 or 1952 logs were taken, by a railroad constructed to Mill Tail Creek, over the sixty-foot easement from the northwestern corner of the tract petitioner now owns. From there they were rafted to a sawmill at Buffalo City. In 1954, approximately four million feet of pine were taken from a tract immediately to the west of the Taylor property over the same right of way to Mill Tail Creek, whence to Elizabeth City by barges.

Respondent's lands are bounded on the north by Albemarle Sound, on the west by Alligator River, and on the east by Croatan Sound. Because of the swampy terrain and large areas of peat soil, road-building costs have varied from three to ten thousand dollars a mile. Both construction and maintenance costs are extremely high, and the roads cannot be used at certain times of the year. When in use at any time they require constant repairs. The road petitioner is most eager to use, Mill Tail Road, runs 8-4/10 miles across its property from Highway No. 64 almost to petitioner's land. Respondent objects to petitioner's use of any of the roads which it has constructed.

During the trial, respondent stipulated that it will permit petitioner to construct a cartway over its lands, *other than over its private roads,* from the nearest point on his land to either Highway 264 or Highway 64, provided the road be constructed not more than thirty feet in width and respondent be permitted to use it in common with petitioner. At the conclusion of the evidence the judge made detailed findings of fact, which included (1) that the sixty-foot right of way from petitioner's lands across respondent's lands to Mill Tail Creek affords petitioner adequate means of transportation for the removal of timber from his lands as contemplated by G.S. 136-69, and (2) that respondent's tender of an easement also meets the requirements of G.S. 136-69 as a necessary and proper access to petitioner's lands.

Pursuant to these findings, Judge Cowper concluded as a matter of law that respondent is not entitled to the establishment of any cartway or to the use of any of respondent's private roads. From the order dismissing the proceedings, the petitioner appealed.

*LeRoy, Wells & Shaw for petitioner.*
*Rodman and Rodman for respondent.*

SHARP, J. The assignments of error properly made raise only this dual question: Are the judge's findings of fact supported by the evidence and, if so, do they support the judgment?

As one taking action preparatory to cutting and removing standing timber from his land, petitioner is entitled to condemn a cartway over respondent's property, provided (1) there is no public road or other adequate means of transportation affording him necessary and proper access to his own property, and (2) he satisfies the court that it is necessary, reasonable and just that he have such a private way. G.S. 136-69. Respondent's evidence that ten years ago logs were transported over the sixty-foot easement to Mill Tail Creek and rafted down it to Alligator River is sufficient to sustain his Honor's finding of fact that Mill Tail Creek is a navigable stream. "If a stream is 'navigable *in fact* . . . it is navigable in *law.*' Gould on Waters, (3 Ed.), sec. 67. The capability of being used for purposes of trade and travel in the usual and ordinary modes is the test and not the extent and manner of such use." *State v. Twiford,* 136 N.C. 603, 48 S.E. 586; *accord, State v. Baum,* 128 N.C. 600, 38 S.E. 900; *Swan Island Club, Inc. v. White,* 114 F. Supp. 95 (E.D.N.C.), *aff'd sub nom. Swan Island Club, Inc. v. Yarbrough,* 209 F. 2d 698 (4th Cir.). There is no evidence in the record to suggest that Mill Tail Creek is not still navigable. Therefore, it appears that petitioner does, in fact, have access to his lands albeit by water. If such access affords adequate and proper means of ingress and egress he is not entitled to another and different way by land even though it would prove more convenient and economical. *Pritchard v. Scott,* 254 N.C. 277, 118 S.E. 2d 890; *Kanupp v. Land,* 248 N.C. 203, 102 S.E. 2d 779; *Warlick v. Lowman,* 104 N.C. 403, 10 S.E. 474; *Plimmons v. Frisby,* 60 N.C. 200.

Petitioner argues that the "facts epitomize the necessity, reasonableness, and justice of a cartway from petitioner's land to and over respondent's existing road (Mill Tail Road) to the public road," and that the court erred in not so finding. We hold otherwise. Even a petitioner qualifying under G.S. 136-69 for a private way over the lands of another is not entitled to select his route or to use existing private roads on a respondent's land *as a matter of right,* however expedient and economical their use would be to him. The location of the way is the task of a jury of view, but its acts are reviewable by the court. *Candler v. Sluder,* 259 N.C. 62, 130 S.E. 2d 1; *Garris v. Byrd,* 229 N.C. 343, 49 S.E. 2d 625. Mill Tail Road, over which petitioner seeks to acquire an easement, has been constructed and is maintained by respondent at great cost. Its use by petitioner as a logging road would increase both maintenance and supervision costs for respondent and, once established as a cartway for petitioner's use, it would also become a quasi-public road. *Parsons v. Wright,* 223 N.C. 520, 27 S.E. 2d 534.

If the Pulp and Paper Company had constructed no roads whatever on its property and Taylor required a road across it, he would perforce have to construct his own road. Unless the only avenue over a respondent's land reasonably adequate for access to a petitioner's property happened to be a road already constructed by the respondent, a petitioner entitled to a cartway would have no right, as a matter of law, to the use of that particular road. Otherwise, a petitioner is in no more favored a position because a respondent has constructed a road across his property than he would be if no such road existed. G.S. 136-68 and G.S. 136-69 are in derogation of the rights of private property and must be strictly construed. *Brown v. Glass,* 229 N.C. 657, 50 S.E. 2d 912.

The judge who heard the evidence upon the parties' waiver of a jury trial has found that Taylor has adequate means of access for the removal of his timber by the sixty-foot right of way appurtenant to his tract and by Mill Tail Creek. A navigable stream is a public highway. *Gaither v. Hospital,* 235 N.C. 431, 70 S.E. 2d 680; *Cromartie v. Stone,* 194 N.C. 663, 140 S.E. 612. Certainly, access to a navigable stream would not in every instance afford an adequate outlet for the purposes enumerated in G.S. 136-69 and thus preclude relief under it. Here, however, the judge has found that it does. He has also found that respondent's offer to petitioner of an easement to either Highway 64 or Highway 264 over its lands, other than by its private roads, provides for petitioner another adequate and proper means of ingress and egress for the removal of his timber. An adequate permissive way meets the requirements of G.S. 136-69. *Garris v. Byrd, supra.*

The court's ruling that petitioner has failed to establish that it is necessary, reasonable, and just that he have a cartway over the lands of respondent necessarily followed its finding that the petitioner already has an adequate way or ways. The court's findings are supported by competent evidence and are therefore as conclusive as the verdict of a jury. Petitioner simply failed to carry his burden of proof to the satisfaction of the judge below, and both he and we are bound by the judge's findings. *In re Annexation Ordinances,* 253 N.C. 637, 117 S.E. 2d 795.

In the trial below we find

No error.