J. T. TAYLOR, JR., AND WIFE, DORA W. TAYLOR, PETITIONERS v. JOE ASKEW AND WIFE, THELMA ASKEW, DAVID BOWEN AND WIFE, MAXINE BOWEN, B. B. BOWEN, C. G. RESPESS AND WIFE, MYRTLE RESPESS, H. L. RESPESS AND WIFE, ELOISE RESPESS, BEULAH RESPESS, WIDOW, DEMPSEY BOWEN AND WIFE, ALMA A. BOWEN, AND HERMAN BOWEN AND WIFE, GLADYS BOWEN, RESPONDENTS

No. 722SC526

(Filed 28 March 1973)

1. **Highways and Cartways § 12— condemnation of cartway — absence of reasonable access**

   A petitioner is not entitled to condemn a cartway if he presently has reasonable access to a public road, even if such reasonable access is permissive.

2. **Highways and Cartways § 12— cartway proceeding — failure to show absence of reasonable access**

   In this proceeding to condemn a cartway, the court's conclusion that petitioners had failed to show that they do not have an adequate means of ingress and egress to and from their property was supported by findings based on competent evidence that the commissioners of a drainage district had offered to allow petitioners to use a road over the spoil bank of a drainage canal to reach their property and that the spoil bank could be made suitable for roadway purposes by installation of tile at approximatealy 20 intersecting farm drainage ditches.

3. **Drainage § 4— drainage district commissioners — authority to permit road over spoil bank**

   The commissioners of a drainage district had authority to grant petitioners permission to use a road over the spoil bank of a drainage canal as a means of ingress and egress to and from their property since the construction and maintenance of such a road would benefit the drainage district by facilitating the repair, maintenance and improvement of its drainage canal.

4. **Highways and Cartways § 12— right to cartway — reasonable way — relative costs of construction**

   Petitioners are not entitled to condemn a cartway across respondents' land merely because such cartway might be less expensive than constructing a road over the existing spoil bank of a drainage canal pursuant to an offer of the commissioners of the drainage district.

APPEAL by petitioners from *Webb, Judge,* 14 February 1972 Civil Session of Superior Court held in BEAUFORT County.

Petitioners brought this special proceeding under G.S. 136-68 and 69 to condemn a cartway over lands of respondents to connect a tract of timberland owned by petitioners in Beau-

Taylor v. Askew

fort County with N. C. Highway 32. Petitioners alleged that they desire to cut and remove the timber from their tract and then to cultivate it; that they have no adequate means of ingress and egress; that Highway 32 lies approximately one mile west of their tract; and that an adequate and necessary cartway to said highway would cross lands of the respondents. Respondents admitted no public road leads to petitioners' land, but denied petitioners lacked other adequate way of ingress and egress. The case was once previously before this Court, and for the prior procedural history of this proceeding reference is made to the opinion of this Court rendered on the first appeal. *Taylor v. Askew,* 11 N.C. App. 386, 181 S.E. 2d 192.

Upon remand from the first appeal, the Superior Court heard evidence and rendered judgment making findings of fact, including the following: Albemarle Drainage District, Beaufort County #5, has been in existence for approximatly half a century and was reorganized and reactivated just prior to 1960. It is organized under G.S. Chap. 156 and is duly functioning with a Board of Commissioners and other appropriate officials. One of the canals of said Drainage District runs along the northern boundary of petitioners' land for approximately one mile and then continues in a straight line eastwardly for approximately 2.8 miles to a paved public road. Findings of Fact No. 6 (in part), Nos. 7 and 8 are as follows:

"6. . . . The Albemarle Drainage District owns a right of way over the South spoil bank of the canal. It has at least enough right in this spoil bank to allow the petitioners to use a road over the spoil bank for means of ingress and egress.

"7. The said right of way is suitable for use as a road subject to the necessity of placing tiles in approximatly twenty farm drainage ditches which have been cut through the said spoil bank. Taking as true the petitioners' evidence that the expense of building a road along this route will be substantially more than along an alternate route, the Court cannot conclude that this is not 'an adequate means of ingress and egress' to the property of the petitioners.

"8. The Court finds as a fact on the basis of the evidence introduced and before it for its consideration, that the Albemarle Drainage District has by resolution said that it would enter into an agreement or contract with the

petitioners to allow them the use of the said roadway along the South bank of the Intercepting Canal provided the farm ditches leading across the same from the lands of Malvin Respess were adequately tiled and that the petitioners would help maintain the said roadway."

Upon these findings of fact, the court concluded that petitioners had failed to carry the burden of showing that they do not have an adequate means of ingress and egress to and from their property and ordered this proceeding dismissed with prejudice. Petitioners appealed.

*David S. Henderson for petitioner appellants.*

*Wilkinson, Vosburgh & Thompson by John A. Wilkinson for respondent appellees.*

PARKER, Judge.

[1] The statute, G.S. 136-69, which authorizes in certain cases the condemnation of a cartway for the benefit of one land owner over the lands of his neighbor, is in derogation of the rights of the owner of the land over which the cartway is to be established and must be strictly construed. *Brown v. Glass,* 229 N.C. 657, 50 S.E. 2d 912; *Warlick v. Lowman,* 104 N.C. 403, 10 S.E. 474. Accordingly, it is well settled that a petitioner is not entitled to condemn a cartway if he presently has reasonable access to a public road, *Pritchard v. Scott,* 254 N.C. 277, 118 S.E. 2d 890, and this is true even if such reasonable access is permissive. *Garris v. Byrd,* 229 N.C. 343, 49 S.E. 2d 625. "[A] petitioner is not entitled to have a cartway laid out over another's land simply because it would give him a shorter and better outlet to the public road. If he already have a private way, or by parol license an unobstructed way, across the land of another, the petition should be denied, and evidence tending to show that the desired cartway would be shorter than the outlet in use should be excluded as immaterial." *Warlick v. Lowman, supra.*

[2] When the record in the present case is viewed in the light of these well-established principles, the judgment appealed from should be affirmed. The trial court concluded as a matter of law that petitioners had failed to show that they do not have an adequate means of ingress and egress to and from their property. This conclusion supports the judgment dismissing the

Taylor v. Askew

proceeding and in turn is supported by the court's factual findings made on competent evidence.

G.S. 156-93.6, enacted in 1961, provides that "[a]ll drainage districts theretofore created shall be deemed to own an easement or right of way in and to those lands upon which there are existing canals and spoil banks," and "[w]henever the proposed repairs, maintenance or other improvement make it necessary for the drainage district to acquire additional land for easements or right of way, the procedure to secure the same shall be in accordance with G.S. 156-70.1." This latter statute in turn provides in part that "[t]he district shall be deemed to have acquired title for the purpose of easements or rights-of-way to those areas of land identified in the final report of the board of viewers and as shown on the map accompanying said report, at the time said final report is confirmed by the clerk of the superior court." At the hearing, respondents introduced the final report of the board of viewers of the Albemarle Drainage District dated 5 December 1960 and the order confirming said report, and counsel for petitioners conceded that "rights of way were acquired pursuant to the authority of Chapter 156 of the General Statutes." Thus, the trial court's finding that "[t]he Albemarle Drainage District owns a right of way over the South spoil bank of the canal" is fully supported by the record and by applicable statutes. There was also competent evidence to support the trial court's finding that "said right of way is suitable for use as a road subject to the necessity of placing tiles in approximately twenty farm drainage ditches which have been cut through the said spoil bank." An adjoining landowner testified that there is an existing road "suitable for the passage of heavy equipment, such as combines and tractors," running on top of the spoil bank for approximately one mile, and there was competent evidence that the remaining 1.8 miles of the spoil bank could be made suitable for roadway purposes by installation of tile at the intersecting farm drainage ditches.

[3] We do not agree with petitioners' contention that the powers of the Commissioners of the Drainage District were so limited that they lacked authority to grant petitioners permission to use a road over the spoil bank as a means of ingress and egress to and from petitioners' property. The construction and maintenance of such a road would be of obvious benefit to the Drainage District in carrying out its primary functions, by facilitating the repair, maintenance and improvement of its

draining canal. Without attempting to delimit the exact extent of the Commissioners' authority to grant permission to others to utilize the right of way in question as a roadway, we hold that the trial court was correct in concluding that they did have lawful authority to grant petitioners such a right under the circumstances of this case.

[4] Evidence introduced by the parties was in sharp conflict as to the relative costs of constructing a road over the existing spoil bank as compared with the costs of constructing a new cartway to be condemned across respondents' lands. Again, we agree with the trial court that, even if petitioners' evidence in this regard be accepted as true, the conclusion is not thereby compelled that the more expensive road along the spoil bank is not "an adequate means of ingress and egress." Petitioners are not entitled to condemn a cartway across respondents' lands merely because this might prove the least expensive means for obtaining access to their property.

Affirmed.

Judges VAUGHN and GRAHAM concur.