SATOSHI OSHITA AND WIFE, MARYMI T. OSHITA v. LUCILLE M. HILL, ROY J. HILL, JAMES CLYDE LONG, JR. AND THE UNION COUNTY BOARD OF EDUCATION

No. 8220SC1027

(Filed 6 December 1983)

1. **Easements § 6.2— prescriptive easement—substantial identity of boundaries**

In an action to establish a prescriptive easement in a road, testimony as to the course and location of the road and that it was there before 1932 and has not changed since then was sufficient to establish the element of substantial identity of the way involved.

2. **Easements § 6.1— prescriptive easement—adverse or hostile use**

In an action to establish a prescriptive easement in a road, plaintiffs' evidence was sufficient to establish that the use of the road was adverse and

Oshita v. Hill

hostile where it tended to show that the tenant of plaintiffs' predecessor in title used the road across the lands of defendants' predecessor in title between 1932 and 1974; permission to use the road was neither given nor sought; the tenant did extensive maintenance work on the road over the years; and when the predecessor in title of one defendant began grazing cattle and raising hogs on his land, he ran a fence along the road on each side, but neither landowner ever put a fence across the road nor otherwise interfered with its use.

**3. Easements § 3— appurtenant easement**

Where plaintiffs' predecessor in interest acquired an easement by prescription, and the easement was incidental to the use of what is now plaintiffs' property, it is an appurtenant easement that passed by succession to the plaintiffs.

**4. Appeal and Error § 16.1— supplemental order by trial court after notice of appeal**

The trial court had no authority to enter a supplemental order after notice of appeal had been given from the trial court's original judgment.

APPEAL by defendants from *Hairston, Judge.* Judgment entered 7 June 1982 in Superior Court, UNION County. Heard in the Court of Appeals 25 August 1983.

Plaintiffs own a 43-acre tract of land that is adjacent to two contiguous tracts totaling about 115 acres owned by the individual defendants, and a tract of about 29 acres owned by the defendant Board of Education. Plaintiffs sued to establish that their predecessors in title had acquired by prescriptive use the legal right to use a certain road that ran across the lands owned by the several defendants and their predecessors in title. The defendants denied the claim and pled various defenses.

In the jury trial on the prescriptive issue the defendants presented no evidence and plaintiffs' evidence tended to show that: The road ran from a house formerly occupied by a tenant of plaintiffs' predecessor in title to N. C. Highway 200. In doing so, it ran across the lands of defendants' predecessors in title a distance of several hundred feet. The land adjoining the road through the lands of the individual defendants was woods land, but the land adjoining the road through the predecessor in title of the Board of Education was open farm land on one side and pasture on the other. When the predecessor in title of the defendant Board of Education began grazing cattle on the pasture land and raising hogs on the open farm land, he ran a fence along the road on each side; but neither landowner ever put a fence across

the road or otherwise interfered with its use. The tenant's mailbox was at the end of the road on the highway and he used the road almost daily from 1932 until 1974. During those years, the tenant maintained and improved the road at his own expense; on three different occasions, several years apart, he hired a motor grader operator to re-shape and clean out the ditches and scrape the roadbed. He also installed a concrete drainage pipe under the road and on two or three occasions through the years replaced a metal drainage pipe that was under the road when he first went there in 1932. The tenant neither asked for nor received permission to use the road, nor did any predecessor in interest of the defendants say anything to him about using the road, though he saw them from time to time when on the road. Through the years many other people having business with the tenant used the road without being challenged or questioned by the adjacent landowners. So far as the record reveals, no one occupied plaintiffs' property or used the road from 1974 to 1980. Since buying the property in 1980, plaintiffs have used another route to get to and from it.

The jury returned a verdict for the plaintiffs and judgment recognizing plaintiffs' easement was entered thereon June 7, 1982. By the judgment the court also appointed a registered surveyor to survey the road and taxed the expense of the survey as a cost of court to be pro rated among the defendants according to the percentage of the easement that crossed the lands of each defendant. All defendants noted their appeal from the judgment the same day it was entered.

July 18, 1982, after the survey was accomplished and the bill therefor in the amount of $225 had been submitted, the court entered a supplemental judgment which described the easement by metes and bounds and taxed $205.20 of the surveyor's bill against the Board of Education and the remaining $19.80 against the individual defendants. The individual defendants did not perfect their appeals.

*Perry & Bundy, by H. Ligon Bundy, for plaintiff appellees.*

*Charles D. Humphries for defendant appellant Union County Board of Education.*

*No briefs filed for defendant appellants Lucille M. Hill, Roy J. Hill, and James Clyde Long, Jr.*

Oshita v. Hill

PHILLIPS, Judge.

Defendant Board of Education contends the trial court should have granted its motions for a directed verdict and for judgment notwithstanding the verdict. This contention is valid, of course, only if the evidence, when considered in the light most favorable to plaintiffs, fails to support the existence of each and every element required to establish the easement by prescription that plaintiffs sued for. But the jury verdict must stand if plaintiffs' evidence tended to establish all the elements of their case, which are: that the use (1) was adverse, hostile or under claim of right; (2) so open and notorious that the true owners probably had notice of it; (3) was continuous and uninterrupted for a period of at least twenty years; and (4) involved a way that had substantial identity throughout the period involved. *Potts v. Burnette*, 301 N.C. 663, 273 S.E. 2d 285 (1981); *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974). Defendant contends plaintiffs' evidence failed to properly establish the substantial identity of the way involved or that its use was adverse or hostile. We do not agree with either contention.

[1] Substantial identity of the easement simply means that the way used followed a reasonably definite and specific line during the period involved. "While there may be slight deviations in the line of travel there must be a substantial identity of the thing enjoyed." *Speight v. Anderson*, 226 N.C. 492, 496, 39 S.E. 2d 371, 374 (1946). But since prescriptive ways are established by custom and usage, rather than by road builders and engineers, a metes and bounds description is not required; that the way can be identified and located from the testimony given is sufficient. The testimony of plaintiffs' chief witness as to the course and location of the road, that it was there before 1932, and has not changed since then, was sufficient to establish this element.

As for adverse or hostile use, no showing of acrimony or disputation is required; all that need be shown is that the use was not permissive and was exercised openly and notoriously with a claim of right that the servient property owner probably had notice of. *Dickinson v. Pake, supra.*

[2] Our decision that plaintiffs' evidence was sufficient to establish that the use of the road was adverse and hostile is supported by both *Dickinson* and *Potts*. In each of these cases the

evidence showed that permission to use the road had neither been given nor sought, plaintiffs did the slight maintenance required to keep the road passable, and plaintiffs used the road for over twenty years as if they had a right to it; and in each case our Supreme Court held that the evidence was sufficient to establish that the use was not permissive, but hostile. Plaintiffs' evidence on this point showed the same things that the evidence in *Dickinson* and *Potts* did, but it did not stop there; it showed road maintenance work that was more extensive, frequent, costly and noticeable; and it also showed inaction and action by the landowner that indicated he believed he had no right to interfere with the road. Permitting, without protest, a strip of farm land to be scraped, packed down and ditched by a motor grading machine several different times over a period of years is, to say the least, some indication that the owner believed he could not do otherwise; building a fence along, rather than across, a road that traversed his farm lands is even more indicative of the same belief.

[3]   The fact that plaintiffs have not personally used and maintained the road on a frequent basis since buying the property in 1980 is not significant. Their predecessors in interest acquired an easement by prescription; and since the easement was incidental to the use of what is now plaintiffs' property, it is an appurtenant easement that passed by succession to the plaintiffs. *Dickinson v. Pake, supra.* Nor does it matter that plaintiffs' predecessors in interest had other ways to get to and from the property during the years that the prescriptive right was being established. An easement by prescription, unlike a statutory cartway, is not based on need, but use. And that plaintiffs' predecessors had another way available to them tends to support plaintiffs' claim that the use was not permissive, since, nothing else appearing, there is no reason to give a way to one who already has one.

[4]   Thus the judgment first entered herein is affirmed. But the supplemental judgment entered by the trial court is a nullity, as defendant contends. The appeal of the defendants from the original judgment deprived the trial court of the authority to make further rulings in the case until it returns from this Court. G.S. 1-294; *Lowder v. All Star Mills, Inc.,* 301 N.C. 561, 273 S.E. 2d 247 (1981).

The judgment entered 7 June 1982 is affirmed, the supplemental judgment is vacated, and the cause is remanded for such supplemental orders as the circumstances require.

Affirmed in part; reversed and remanded in part.

Judges HEDRICK and WELLS concur.