C. A. CAMPBELL v. EVELYN CONNOR AND HUSBAND, JACK CONNOR, AND JOHN T. HENDERSON

No. 8522SC103

(Filed 5 November 1985)

1. **Rules of Civil Procedure § 50.3— cartway proceeding—motion for a directed verdict denied—requirement for statement of grounds waived**

 The Court of Appeals elected to waive the requirement that a motion for a directed verdict state specific grounds and considered the sufficiency of the evidence in a cartway proceeding where the petitioner did not raise the omission of the statement of grounds and both parties argued the sufficiency of the evidence in their briefs. G.S. 1A-1, Rule 50(a).

Campbell v. Connor

2. **Highways and Cartways § 12— cartway proceeding—burden of proving inadequacy of alternative outlets not met**

   The trial court erred in denying respondent's motion for a directed verdict in a cartway proceeding where the evidence was sufficient to establish that petitioner was cultivating the land in question; petitioner had a permissive right of way across the land of a neighbor which did not provide adequate ingress and egress; approximately 100 feet of petitioner's land fronted public highway 901 but it was impossible for petitioner to move necessary equipment directly from the highway to his property because of a steep fifteen to twenty-five foot drop from the shoulder of the highway to his land; and a drainage culvert which lay under the highway emptied water onto petitioner's land so that water collected at the bottom of the slope after rain. Petitioner has the burden of proving the inadequacy of alternative outlets and there was no evidence regarding the feasibility of creating direct access from petitioner's land to highway 901. G.S. 1A-1, Rule 50, G.S. 136-69.

3. **Rules of Civil Procedure § 50.5— motion for directed verdict erroneously denied—no motion for judgment n.o.v.—new trial**

   Where the trial court erred by denying respondents' motion for a directed verdict in a cartway proceeding but respondents failed to move for a judgment n.o.v. and the trial court did not on its own motion grant, deny, or redeny respondents' motion for a directed verdict, the Court of Appeals could not direct entry of judgment in accordance with the motion and a new trial was necessary. G.S. 1A-1, Rule 50(b)(2).

   Judge PHILLIPS dissenting.

APPEAL by respondents Evelyn and Jack Connor from *Beaty, Judge.* Judgment entered 29 August 1984 in Superior Court, IREDELL County. Heard in the Court of Appeals 17 September 1985.

Petitioner filed a special proceeding pursuant to N.C. Gen. Stat. 136-68, -69, seeking a cartway across respondents' land. He alleged that he was without adequate access to a public road other than through respondents' property. From a judgment entered on a jury verdict in favor of petitioner, respondents appeal.

*Pope, McMillan, Gourley & Kutteh, by William H. McMillan, for petitioner appellee.*

*McElwee, McElwee, Cannon & Warden, by E. Bedford Cannon, for respondent appellants.*

WHICHARD, Judge.

[1]    Respondents contend the court erred in denying their motion for a directed verdict made at the close of petitioner's evidence and renewed at the close of all the evidence. A motion for a directed verdict must state the specific grounds therefor. N.C. Gen. Stat. 1A-1, Rule 50(a). The record does not include either a written statement of the grounds for the motion or a transcript of oral arguments made in support of the motion. *See Hensley v. Ramsey*, 283 N.C. 714, 726, 199 S.E. 2d 1, 8 (1973). As petitioner does not raise this omission, however, and both parties argue the sufficiency of the evidence in their briefs, we elect to waive this requirement and reach the merits of respondents' contention. *See Pallet Co. v. Truck Rental, Inc.*, 49 N.C. App. 286, 288-89, 271 S.E. 2d 96, 97 (1980).

[2]    The denial of respondents' motion for a directed verdict is error if the evidence, viewed in the light most favorable to petitioner, fails to support each of the elements necessary to prove that petitioner is entitled to a cartway pursuant to N.C. Gen. Stat. 136-69. *See Oshita v. Hill*, 65 N.C. App. 326, 329, 308 S.E. 2d 923, 925-26 (1983); N.C. Gen. Stat. 1A-1, Rule 50. Petitioner is entitled to a cartway upon proof that (1) the land in question is used for one of the purposes enumerated in the statute, (2) the land is without adequate access to a public road or other adequate means of transportation affording necessary and proper ingress and egress, and (3) the granting of a private way over the lands of other persons is necessary, reasonable and just. N.C. Gen. Stat. 136-69; *Taylor v. Paper Co.*, 262 N.C. 452, 456, 137 S.E. 2d 833, 835 (1964). N.C. Gen. Stat. 136-69 infringes on the rights of private property owners and must be strictly construed. *Candler v. Sluder*, 259 N.C. 62, 65, 130 S.E. 2d 1, 4 (1963); *Taylor v. Askew*, 17 N.C. App. 620, 622, 195 S.E. 2d 316, 317-18 (1973). Thus, a proposed cartway may not be approved simply because it is more convenient or less expensive than alternative outlets to a public road available for use by petitioner. *Warlick v. Lowman*, 103 N.C. 122, 124, 9 S.E. 458, 459 (1889) (more convenient); *Taylor*, 17 N.C. App. at 624, 195 S.E. 2d at 319 (less expensive). To obtain a cartway alternative outlets must be shown to be inadequate. *See Garris v. Byrd*, 229 N.C. 343, 49 S.E. 2d 625 (1948).

Viewed in the light most favorable to petitioner, the evidence is sufficient to establish that he is presently cultivating the land

in question, a use which brings the land within the scope of N.C.
Gen. Stat. 136-69. In addition the evidence is sufficient to
establish that while petitioner has a permissive right of way
across the land of a neighbor, the respondent in this action who
did not appeal, that right of way does not provide petitioner with
adequate ingress and egress. There is also evidence sufficient to
establish that while approximately 100 feet of petitioner's land
fronts public highway 901, due to the steep grade of the slope
which leads from the highway it is *presently* impossible for peti-
tioner to move necessary equipment directly from highway 901 to
his property and from his property to the highway. Petitioner
testified that there is a steep fifteen to twenty-five foot drop from
the shoulder of the highway to his land. In addition a drainage
culvert which lies under the highway empties water onto peti-
tioner's land. As a result water collects at the bottom of the slope
after rain.

There is, however, no evidence regarding the feasibility of
creating direct access from petitioner's land to highway 901. In
*Taylor*, this Court upheld the dismissal of a proceeding to
establish a cartway where petitioner's permissive easement could
have been made suitable by " 'placing tiles in approximately twen-
ty farm drainage ditches . . . .' " 17 N.C. App. at 621, 195 S.E. 2d
at 317. Regarding the relative costs of improving petitioner's ex-
isting permissive easement and constructing an outlet across the
land of respondents, the Court stated:

> Evidence . . . was in sharp conflict as to the relative
> costs of constructing a road over the existing spoil bank as
> compared with the costs of constructing a new cartway to be
> condemned across respondents' lands. Again, we agree with
> the trial court that, even if petitioners' evidence in this
> regard be accepted as true, the conclusion is not thereby
> compelled that the more expensive road along the spoil bank
> is not "an adequate means of ingress and egress." Petitioners
> are not entitled to condemn a cartway across respondents'
> lands merely because this might prove the least expensive
> means for obtaining access to their property.

17 N.C. App. at 624, 195 S.E. 2d at 319.

Thus, to demonstrate that an existing outlet to a public road
is not adequate the infeasibility of modifying the terrain to create

Campbell v. Connor

access must be shown. Neither petitioner nor respondents introduced evidence regarding the feasibility of making petitioner's direct access to highway 901 suitable.

Petitioner admits the existence of the alternative outlets but asserts he is nonetheless entitled to a cartway because those outlets are inadequate. He has the burden of proving the inadequacy of the alternative outlets, however, *see Paper Co.*, 262 N.C. at 457, 137 S.E. 2d at 837, and he has failed to sustain that burden. He has not shown the unavailability of adequate access from his own land and the consequent necessity of a private way over the lands of other persons. Accordingly, the court erred in denying respondents' motion for a directed verdict.

[3] As respondents failed to move for a judgment notwithstanding the verdict and the trial court did not on its own motion grant, deny, or redeny respondents' motion for a directed verdict, this Court "may not direct entry of judgment in accordance with the motion . . . ." N.C. Gen. Stat. 1A-1, Rule 50(b)(2); *Hensley*, 283 N.C. at 726-29, 199 S.E. 2d at 8-9. Instead, there must be a new trial. *Britt v. Allen*, 291 N.C. 630, 636-39, 231 S.E. 2d 607, 612-14 (1977); *Hodges v. Hodges*, 37 N.C. App. 459, 470, 246 S.E. 2d 812, 818 (1978). This disposition renders consideration of respondents' other argument unnecessary.

New trial.

Judge WELLS concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my view the adequacy of petitioner's access to the highway, and his right to obtain a cartway across respondents' land was properly determined by the jury in a trial free of prejudicial error; and I vote to affirm the judgment.