ROBERT DALE RICHARDS AND WIFE, AMELIA P. WEAST, D/B/A, BROAD RIVER PAL-
LETS AND HEAT TREATING, PETITIONERS v. GLADYS JENNINGS JOLLEY AND
HUSBAND, BOBBY JOE JOLLEY, RHONDA BURKE BARRON, GARY BURKE, JR.,
MICHAEL E. BURKE, AND WIFE, JILL T. BURKE, JAMES TIMOTHY HORD, AND
H.H. McKINNEY, RESPONDENT

No. COA10-374

(Filed 7 December 2010)

**Highways and Streets— cartway—business with existing access**

The trial court correctly granted summary judgment for respondents in a cartway proceeding where petitioners operated a small unincorporated pallet business on the property and contended that the access they had was not adequate for their business or for future growth. Although the definition of industrial plant in the context of a cartway proceeding does not exclude petitioners' small business, cartway petitioners are not entitled to ideal access.

Appeal by petitioners from order entered 6 November 2009 by Judge Laura J. Bridges in Superior Court, Rutherford County. Heard in the Court of Appeals 11 October 2010.

*Law Offices of Travis S. Greene, PC, by Travis S. Greene, for petitioner-appellants.*

*King Law Offices, PLLC, by John B. Crotts, for respondent-appellees.*

STROUD, Judge.

RICHARDS v. JOLLEY

[208 N.C. App. 436 (2010)]

Petitioners appeal an order granting summary judgment in favor of respondents. For the following reasons, we affirm.

## I. Background

On or about 6 November 2009, the trial court issued an order granting summary judgment in favor of respondents based upon the following determinations it labeled as findings of fact:

9. The Petitioners purchased their property in 1998 and share a right of way with the Respondents, commonly known as Montgomery Road Extension, which varies in width between twelve and fourteen feet in most areas.

10. Prior to the Petitioners purchasing the property, the area in which the subject properties are located had been agricultural and residential in nature. The Petitioners were aware of the nature of the property at the time the property was purchased.

11. Beginning in 1998, the Petitioners began operating a pallet business under the name of Richards' Pallets. The primary operation of Petitioners' business at that time was manufacturing and recycling pallets.

12. Prior to 2005, the Petitioner and his [sic] customers used the right of way for ingress, egress, and regress to and from Petitioners['] business. A variety of vehicles were used to transport pallets to and from Petitioners' business, including cars, pickup trucks, trucks with attached trailers, boxed trucks, flatbed trucks, and straight trucks.

13. The use of the right of way substantially increased noise and traffic along the existing right of way. As a result, the Respondent Bobby Jolley placed speed limit signs and signs reminding travelers that children were playing.

14. Some time in 2005, the Petitioner[s] purchased a "heat treater" for purposes of treating pallets in compliance with federal law.

15. The Petitioners experienced an increase in business and traffic flow as a result of his [sic] new heat treating service.

16. The Petitioners attempted to bring eighteen wheelers (i.e., tractor trailers) to Petitioners['] business, but the right of way proved to be too narrow to facilitate tractor trailers.

17. Sometime in 2005, fencing was replaced along the right of way and Petitioners felt the right of way was being interfered with by some of the Respondents. An action was filed in Superior Court by the Petitioners regarding this incident, but the action was subsequently dismissed through arbitration.

18. Since 2005 when the heat treater was purchased, the Petitioner and his [sic] customers have continued to use the right of way for ingress, egress, and regress to and from Petitioners['] business. A variety of vehicles have continued to be used to transport pallets to and from Petitioners' business, including cars, pickup trucks, trucks with attached trailers, boxed trucks, flatbed trucks, and straight trucks.

19. Approximately half of Petitioner's [sic] business consists of pallets the business manufactures and distributes itself.

20. Most business for Petitioner's [sic] heat treating comes by way of pick-up truck, with the remaining business coming in boxed trucks or straight trucks.

Based upon its findings of fact, the trial court concluded as a matter of law:

6. That the Petitioners have failed to sufficiently meet their burden of proving all of the necessary elements for establishing a cartway.

7. The right of way being used by the Petitioner[s] since purchasing the property in 1998, commonly known as Montgomery Road Extension, has afforded reasonable alternative access to Petitioners' property.

8. The granting of a cartway is not necessary given the access Petitioners currently have with the established right of way. Petitioners appeal.

### II. N.C. Gen. Stat. § 136-69(a)

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation and quotation marks omitted). Entitlement to a cartway is governed by N.C. Gen. Stat. § 136-69(a), which provides as follows:

If any person, firm, association, or corporation shall be engaged in the cultivation of any land or the cutting and removing of any standing timber, or the working of any quarries, mines, or minerals, or the operating of any industrial or manufacturing plants, or public or private cemetery, or taking action preparatory to the operation of any such enterprises, to which there is leading no public road or other adequate means of transportation, other than a navigable waterway, affording necessary and proper means of ingress thereto and egress therefrom, such person, firm, association, or corporation may institute a special proceeding as set out in the preceding section (G.S. 136-68), and if it shall be made to appear to the court necessary, reasonable and just that such person shall have a private way to a public road or watercourse or railroad over the lands of other persons, the court shall appoint a jury of view of three disinterested freeholders to view the premises and lay off a cartway . . . .

N.C. Gen. Stat. § 136-69(a) (2007).

Our Court has determined that in order to be entitled to a cartway pursuant to N.C. Gen. Stat. § 136-69, the petitioner must show

proof that (1) the land in question is used for one of the purposes enumerated in the statute, (2) the land is without adequate access to a public road or other adequate means of transportation affording necessary and proper ingress and egress, and (3) the granting of a private way over the lands of other persons is necessary, reasonable and just. N.C. Gen. Stat. 136-69 infringes on the rights of private property owners and must be strictly construed. Thus, a proposed cartway may not be approved simply because it is more convenient or less expensive than alternative outlets to a public road available for use by petitioner. To obtain a cartway alternative outlets must be shown to be inadequate.

*Campbell v. Connor*, 77 N.C. App. 627, 629, 335 S.E.2d 788, 789-90 (1985), *aff'd per curiam*, 316 N.C. 548, 342 S.E.2d 391 (1986).

On appeal, petitioners present two main arguments which are somewhat contradictory. Petitioners first argue that there are genuine issues of material fact and thus the trial court erred in granting summary judgment in favor of respondents; petitioners then argue that there are no genuine issues of material fact and thus summary judgment should have been granted in petitioners' favor. The trial court's order includes findings of fact, and the parties essentially

agree that there is no issue of fact as to the matters stated by the trial court.[1] In fact, both parties moved for summary judgment on the basis that there is no genuine issue of material fact; instead, the parties differ on the application of the controlling legal principles to the undisputed facts. Thus, although petitioners have "labeled" two separate arguments within their brief, they are actually arguing only that the trial court erred in its determination that they are not entitled to a cartway because the undisputed facts establish that summary judgment should have been granted in their favor. However, respondents do argue that there is some minor dispute as to the facts regarding the use of the petitioners' land, so we will first address this issue.

A. Purpose of Land Use

In order to be entitled to a cartway, petitioners must show they are

engaged in the cultivation of any land or the cutting and removing of any standing timber, or the working of any quarries, mines, or minerals, or *the operating of any industrial or manufacturing plants*, or public or private cemetery, or taking action preparatory to the operation of any such enterprises[.]

N.C. Gen. Stat. § 136-69(a) (emphasis added).

In their verified amended petition for a cartway petitioners allege that their "use of their property is industrial and/or manufacturing in nature." Respondent Bobby Joe Jolley filed an affidavit in which he stated that "[t]he primary operation of Petitioners' business at . . . [its inception] was manufacturing and recycling pallets." Mr. Jolley went on to state that "[a]pproximately half of Petitioner's [sic] business consists of pallets the business manufactures and distributes itself." Respondent Mr. Gary Burke, Jr. also filed an affidavit and made the same statements as Mr. Jolley regarding the nature of petitioners' business on the land at issue. In respondents' brief in support of their motion for summary judgment, respondents state, "[a] substantial amount of Petitioners' business continues to be pallet manufacturing which can be done by straight trucks." Therefore, petitioners and respondents agree that petitioners' business involves "manufacturing," so "there is no genuine issue as to any material fact[,]" *In re Will of Jones* at 573, 669 S.E.2d at 576, as to the nature of petitioners' business.

---

1. "We note that ordinarily findings of fact and conclusions of law are not required in the determination of a motion for summary judgment, and if these are made, they are disregarded on appeal." *Sunamerica Fin. Corp. v. Bonham*, 328 N.C. 254, 261, 400 S.E.2d 435, 440 (1991).

However, respondents contend that "Petitioners['] small unincorporated business could hardly be considered a plant." Essentially, respondents argue that the term "plant" requires a manufacturing operation of a certain unspecified size which is larger than petitioners' business. N.C. Gen. Stat. § 136-69 does not contain any definition of the word "plant," but in common usage a "plant" is defined as "the land, buildings, machinery, apparatus, and fixtures employed in carrying on a trade or an industrial business[.]" Merriam-Webster's Collegiate Dictionary 948 (11th ed. 2005). The definition of the word "plant" in this context does not include any qualification as to size of the operation. *See id.* Thus, "Petitioners['] small unincorporated business[,]" which respondents acknowledge "manufactures" pallets, is a "plant." *See id.* The trial court properly concluded that petitioners are "entitled to a judgment as a matter of law[,]" *In re Will of Jones* at 573, 669 S.E.2d at 576, as to the first element for entitlement to a cartway as "there is no genuine issue as to any material fact[,]" *id.*, that "the land in question is used for one of the purposes enumerated in the statute," *Campbell* at 629, 335 S.E.2d at 789, specifically, a "manufacturing plant[]." N.C. Gen. Stat. § 136-69(a).

B. Adequate Access or Adequate Means of Transportation

In order for their petition for a cartway to be granted, petitioners must also show that "the land is without adequate access to a public road or other adequate means of transportation affording necessary and proper ingress and egress[.]" *Campbell* at 629, 335 S.E.2d at 789. "[A]dequate" has been defined as "sufficient for a specific requirement[,] . . . barely sufficient or satisfactory [or] . . . lawfully and reasonably sufficient[.]" Merriam-Webster's Collegiate Dictionary 15. Our Supreme Court has also determined that

[t]here is no material difference . . . in requiring petitioners to show they have no 'adequate means of transportation affording necessary and proper means of ingress and egress' and in requiring them to show that a cartway is 'necessary, reasonable and just.' The difference is only in the approach to the question—the former has a negative and the latter an affirmative approach.

*Candler v. Sluder*, 259 N.C. 62, 68, 130 S.E.2d 1, 6 (1963). Thus, "adequate access" or "adequate means of transportation[,]" *Campbell* at 629, 335 S.E.2d at 789, is merely access or a means of transportation that is "sufficient[,]" "barely sufficient or satisfactory" or "lawfully and reasonably sufficient[.]" Merriam-Webster's Collegiate Dictionary 15. Furthermore, if petitioners already have "adequate access" or "ade-

quate means of transportation[,]" *Campbell* at 629, 335 S.E.2d at 789, then a cartway is not "necessary, reasonable and just." *Id.*

Petitioners do not deny that they have access or means of transportation to their land but instead contend that the access or means of transportation is not "adequate" for "necessary and proper ingress and egress" because of the type of business they conduct and the scope of the business they allege that they have the potential to conduct, if they had better access. *See id.* Petitioners contend that we must look at the context of their claim as a pallet business in order to determine if the access or means of transportation is "adequate[.]" Petitioners then direct our attention to numerous other pallet businesses which use tractor trailers.

Although our Courts have considered the nature of the use of the property in making the determination as to "adequate" access, prior cases have not determined that cartway petitioners are entitled to ideal access or access identical to that of other similar businesses; in fact, our Courts have found "adequate access" and "adequate means of transportation" for "necessary and proper ingress and egress" when the route was merely temporary in nature or more costly than a cartway. *Id*; *see Turlington v. McLeod*, 79 N.C. App. 299, 305, 339 S.E.2d 44, 49 (affirming the trial court's judgment denying a petition for a cartway because "the facts found support the judge's conclusion that petitioner has failed to establish that he does not have other reasonable means of access. Petitioner presently has permission to use the Fred McLeod Road which he has been using, along with the road he built over Harry Matthews' land, to get to his land. The fact that such permission may be temporary in nature, and may be withdrawn at some future time, is not relevant to our decision. Petitioner is not entitled to condemn a cartway if he presently has access to a public road."), *disc. review denied*, 316 N.C. 557, 344 S.E.2d 18 (1986); *Taylor v. Askew*, 17 N.C. App. 620, 624, 195 S.E.2d 316, 319 (1973) (affirming the trial court's judgment denying a cartway because "[p]etitioners are not entitled to condemn a cartway across respondents' lands merely because this might prove the least expensive means for obtaining access to their property"). Petitioners' access, which enables them to conduct business in every way desired except for the use of tractor trailers, is "adequate." *See Turlington* at 305, 339 S.E.2d at 49; *Taylor* at 624, 195 S.E.2d at 319. The trial court's determination that petitioners were not entitled to a cartway was therefore proper considering the undisputed facts as to the nature of petitioners' access; the fact that petitioners may not be able to use

one preferred mode of transportation does not demonstrate, as a matter of law, that petitioners lack "adequate access to a public road or other adequate means of transportation affording necessary and proper ingress and egress[.]" *Campbell* at 629, 335 S.E.2d at 789. Accordingly, petitioners have failed to meet the requirements for a cartway pursuant to N.C. Gen. Stat. § 136-69(a). *See id.*

C. Cartway is Necessary, Reasonable, and Just

We need not address the last requirement for entitlement to a cartway as our Supreme Court has determined that there is no difference between the second and third requirements of the cartway statute, N.C. Gen. Stat. § 136-69(a). *See Candler* at 68, 130 S.E.2d at 6.

### III. Conclusion

As the trial court correctly determined that respondents were "entitled to a judgment as a matter of law[,]" *In re Will of Jones* at 573, 669 S.E.2d at 576, because petitioners were unable to show that they are entitled to a cartway pursuant to N.C. Gen. Stat. § 136-69(a), we affirm the trial court order granting summary judgment in favor of respondents.

AFFIRMED.

Chief Judge MARTIN and Judge STEPHENS concur.