HARVEY L. DAVIS AND WIFE, BONNIE W. DAVIS, PETITIONERS v. FORSYTH COUNTY, RESPONDENT

9421SC7

(Filed 7 February 1995)

**Highways, Streets, and Roads § 18 (NCI4th)— cartway proceeding—claim against county**

A cartway proceeding may be maintained against a county. Although respondent county contended that the term "other persons" as used in N.C.G.S. § 136-69 does not include bodies politic such as counties, N.C.G.S. § 136-68 refers to Chapter 40, the successor to which, N.C.G.S. § 40A-2, includes in its definition of person any legal entity capable of owning or having interest in land. Counties in North Carolina are established as legal entities and are empowered by law to acquire land and "other persons" as used in the cartway statute includes counties.

**Am Jur 2d, Highways, Streets, and Bridges §§ 6, 340 et seq.**

Appeal by Plaintiff from Order entered 25 October 1993 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 6 October 1994.

*Isaacson, Isaacson & Grimes, by Henry H. Isaacson and L. Charles Grimes for petitioners-appellants.*

*Sapp, Mast & Stroud, by James Keith Stroud for respondent-appellee.*

WYNN, Judge.

In September 1985, petitioners, Mr. and Mrs. Davis, purchased approximately 5.45 acres of land in Forsyth County, North Carolina. Afterwards, they discovered that the property was landlocked—it was not served by any road, path or cartway, public or private, and, there was no legal way onto or out of the property. This made it difficult for the petitioners to cut and sell the timber on the land, as was their intention.

In November 1992, the petitioners instituted a special proceeding before the Clerk of Court for Forsyth County seeking to establish cartway rights over the surrounding property owned by Forsyth County. On 2 July 1993, the Clerk found that the property was indeed landlocked and that the petitioners' intended use was as required under the cartway statute and, therefore, granted their petition to establish a cartway right. Respondent, Forsyth County, appealed the order to Forsyth County Superior Court and moved for dismissal pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Following a hearing on this matter, the trial court granted respondent's motion to dismiss. From this order, the petitioners appeal.

The petitioners contend that the trial court erred by ruling that they failed to state a claim upon which relief may be granted. Specifically, they argue that a cartway proceeding may be maintained against a county. We agree.

North Carolina law permits a landowner who has no reasonable access to his property to file a petition before the clerk of superior court and seek an easement imposed on the adjoining land to permit access to a public road. *Kanupp v. Land*, 248 N.C. 203, 102 S.E.2d 779 (1958); N.C. Gen. Stat. § 136-69 (1986). Section 136-69 states:

> If any person, firm, association, or corporation, shall be engaged in the cultivation of any land or the cutting and removing of any standing timber . . . or taking action preparatory to the operation of any such enterprises, to which there is leading no public road or other adequate means of transportation, other than a navigable waterway, affording necessary and proper means of ingress thereto and egress therefrom, such person, firm, association or corporation may institute a special proceeding as set out in the preceding section (G.S. 136-68), and if it shall be made to appear

to the court necessary, reasonable and just that such person shall have a private way to a public road or watercourse or railroad over the lands of *other persons*, the court shall appoint a jury of view of three disinterested freeholders to view the premises and lay off a cartway.

N.C. Gen. Stat. § 136-69 (1986) (emphasis added). Thus, the statute provides that a person is entitled to a cartway right upon proof that: 1) the land in question is used for one of the purposes enumerated in the statute; 2) the land is without adequate access to a public road or other adequate means of transportation affording necessary and proper ingress and egress; and, 3) the granting of a private way over the lands of *other persons* is necessary, reasonable and just. *Campbell v. Conner*, 77 N.C. App. 627, 335 S.E.2d 788 (1985).

In the subject case, respondent contends that the term "other persons," as used in the cartway statute, does not include bodies politic such as counties. We, however, are guided by N.C. Gen. Stat. § 136-68 which provides that "the procedure established under Chapter 40 entitled 'Eminent Domain,' shall be followed in the conduct of [a special proceeding to establish a cartway right]." Under N.C. Gen. Stat. § 40A-2 (1984), the successor to Chapter 40, "person" is defined as "a natural person *and* any legal entity capable of owning or having interest in land." In North Carolina, counties are established as legal entities and are empowered by law to acquire land. *See* N.C. Gen. Stat. §§ 153A-11 and 153A-158 (1991). We, therefore, find that the term "other persons," as used in the cartway statute, does include counties.

Reversed.

Judges GREENE and JOHN concur.