ONUSKA v. BARNWELL

[140 N.C. App. 590 (2000)]

New trial.

Judges TIMMONS-GOODSON and FULLER concur.

━━━━━━━━

WILLIAM HENRY ONUSKA AND WIFE, CAROL ALICE ONUSKA, PETITIONERS v. GEORGE HENRY BARNWELL; GEORGE BARNWELL [NOW ESTATE OF GEORGE BARNWELL]; PATRICIA CONNER REDDEN; MAE CONNER AND HUSBAND, HOMER CONNER; ROY BARNWELL; ESTATE OF KATHERINE L. CARLISLE, HILLIARD L. CARLISLE, JR., EXECUTOR; ODELL C. BARNWELL (INDIVIDUALLY AND AS TRUSTEE OF THE ODELL C. BARNWELL REVOCABLE TRUST DATED FEBRUARY 28, 1994) AND WIFE, GLADYS EDMONDS BARNWELL; JACKIE A. HENDERSON; LOWELL E. JARRETT, JR. AND JANICE LEE JARRETT (INDIVIDUALLY AND AS TRUSTEES UNDER TRUST DATED SEPTEMBER 9, 1988); AND UNKNOWN RESPONDENTS, RESPONDENTS

No. COA99-1076

(Filed 21 November 2000)

**Appeal and Error— appealability—grant of partial summary judgment—interlocutory order—no substantial right**

Respondents' appeal from the trial court's order granting partial summary judgment in favor of petitioners in a special proceeding to establish a cartway under N.C.G.S. §§ 136-68 and 136-69 is dismissed since the order is interlocutory and not immediately appealable, because: (1) it does not affect a substantial right that will be lost, prejudiced, or less than adequately protected absent immediate appeal; and (2) N.C.G.S. § 136-68 expressly provides that appeals to superior court are available upon a final order or judgment, and that all issues may be addressed on appeal.

Appeal by respondents from order entered 10 February 1999 by Judge Zoro J. Guice, Jr., and from order entered 3 May 1999 by Judge Robert P. Johnston, in Henderson County Superior Court. Heard in the Court of Appeals 15 August 2000.

*Mullinax & Alexander, by William M. Alexander Jr., for petitioners-appellees.*

*Jackson & Jackson, by Phillip T. Jackson, and Stepp, Groce & Associates, by Edwin R. Groce, and Howe, Waters & Carpenter, P.A., by Walter C. Carpenter, and Samuel H. Fritschner, for respondents-appellants.*

*Sue Ballard Gilliam, Guardian Ad Litem, for unknown respondents.*

SMITH, Judge.

On 25 June 1997 petitioners instituted a special proceeding before the Clerk of Superior Court for Henderson County to establish a cartway across the property of respondents pursuant to N.C. Gen. Stat. §§ 136-68 and 136-69 (1999). Respondents filed answers raising two issues: (1) respondents claimed petitioners were not "landowners" within the context of the pertinent statutes; and (2) respondents counterclaimed for trespass. The Clerk entered an order on 27 August 1998 transferring these two issues to the Superior Court civil docket of Henderson County for trial.

We note in passing that the 27 August 1998 order cites N.C. Gen. Stat. § 1-399 (1996) (repealed effective 1 January 2000) as authority. Although this statute was in effect at that time, this citation appears to be incorrect, as G.S. § 1-399 required the transfer of an entire cause of action to the "civil issue docket" where a party in a special proceeding "plead[s] any equitable or other defense, or ask[s] any equitable or other relief in the pleadings." G.S. § 1-399. In fact, the order should have cited N.C. Gen. Stat. §§ 1-273 and 1-276 (1996) (repealed effective 1 January 2000). N.C. Gen. Stat. § 1-273 provided that "if issues of law and of fact, or of fact only, are raised before the clerk, the clerk shall transfer the case to the civil issue docket *for trial of the issues*." G.S. § 1-273 (emphasis added). N.C. Gen. Stat. § 1-276 further provided that when a special proceeding is transferred to the superior court for any reason, the judge may either determine the entire controversy or remand the cause to the clerk for further proceedings. *See* G.S. § 1-276.

Respondents timely appealed the Clerk's 27 August 1998 order. The order was affirmed on appeal by the Superior Court on 10 February 1999, and respondents entered written exceptions to this order. On a motion of petitioners, the Superior Court entered an order on 3 May 1999 granting partial summary judgment in favor of petitioners on the first of the two issues, declaring that petitioners are owners of marketable fee simple title to the property at issue.

Respondents purport to appeal from the 3 May 1999 order of the Superior Court granting partial summary judgment. Respondents also purport to appeal from the 10 February 1999 order of the Superior

Court, affirming the 27 August 1998 order of the Clerk which transferred the two issues to the Superior Court docket. Petitioners have filed a motion to dismiss respondents' appeal as interlocutory. We conclude that respondents' appeal is interlocutory and must be dismissed.

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted). Respondents acknowledge the interlocutory nature of this appeal. However, respondents argue that the Superior Court's order granting partial summary judgment in favor of petitioners is properly before us because it affects a substantial right. We disagree.

An otherwise interlocutory order may be appealed where the order affects a "substantial right," and where, absent immediate appeal, "the enforcement of the substantial right [will] be lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order." *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 6, 362 S.E.2d 812, 815 (1987) (citations omitted). Determination of whether this standard has been satisfied requires consideration of the particular facts of the case and the procedural context in which the order was entered. *See Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978).

The present case involves a special proceeding to establish a cartway pursuant to G.S. §§ 136-68 and 136-69. The appropriate procedure for an appeal in a cartway proceeding is set forth in G.S. § 136-68, which provides that

[f]rom any final order or judgment in [a special proceeding to establish a cartway], any interested party may appeal to the superior court for a jury trial de novo *on all issues including the right to relief*, the location of a cartway, tramway or railway, and the assessment of damages.

(Emphasis added).

A careful reading of this language leads us to conclude that dismissal of this appeal will not ultimately preclude respondents from addressing the issue of whether petitioners are "landowners" within the context of G.S. §§ 136-68 and 136-69. If petitioners are

granted the cartway they seek, respondents would be permitted to appeal to the Superior Court for a jury trial *de novo* on all the issues, and from a final judgment of the Superior Court respondents would be entitled to appeal to this Court. In the course of that appeal, respondents would be entitled to set forth their present argument that petitioners do not have a "right to relief" because they are not "landowners" within the context of G.S. §§ 136-68 and 136-69. *See Davis v. Forsyth County*, 117 N.C. App. 725, 453 S.E.2d 231 (on appeal to Superior Court from Clerk's final order in cartway proceeding, respondents entitled to move for dismissal pursuant to Rule 12(b)(6) on grounds that County is not "other person" within context of G.S. § 136-69), *disc. review denied*, 340 N.C. 110, 456 S.E.2d 313 (1995). Therefore, the Superior Court's interlocutory order may not be appealed because it does not affect a substantial right that will be lost, prejudiced, or less than adequately protected absent immediate appeal.

Respondents argue that the holding in *Highway Commission v. Nuckles*, 271 N.C. 1, 155 S.E.2d 772 (1967), controls the outcome in this case. We disagree. *Nuckles* involved a condemnation proceeding brought by the North Carolina State Highway Commission. Within the context of a condemnation proceeding, N.C. Gen. Stat. § 136-108 (1999) provides for a hearing to determine "any and all issues raised by the pleadings other than the issue of damages, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken, and area taken." G.S. 136-108. One of the purposes of this statute is to resolve any issues concerning title or area taken prior to the jury trial on the issue of damages, which is why the Court in *Nuckles* determined that interlocutory orders from a condemnation hearing concerning title or area taken must be immediately appealed. *See Nuckles*, 271 N.C. at 14, 155 S.E.2d at 784. The result in *Nuckles* was simply a pragmatic means of ensuring that the specific objectives of G.S. § 136-108 would not be undermined.

The case at bar involves a cartway proceeding, not a condemnation proceeding. The statutes governing cartway proceedings, G.S. §§ 136-68 and 136-69, do not include a provision similar to G.S. § 136-108 requiring a hearing to determine issues raised by the pleadings other than the issue of damages. Instead, G.S. § 136-68 expressly provides that appeals to Superior Court are available upon a final order or judgment and that all issues may be addressed on appeal. G.S. § 136-68.

**STATE v. JORDAN**

[140 N.C. App. 594 (2000)]

Appeal dismissed.

Judges GREENE and EDMUNDS concur.